OPINION
Appellee-appellant, Fairfield County Department of Human Services ("FCDHS"), appeals from a judgment of the Franklin County Court of Common Pleas disaffirming an order of the State Personnel Board of Review ("Board"), which had affirmed the abolishment of the clerical supervisor position held by appellant-appellee, Deborah Monger ("Monger").
On December 29, 1995, Monger received notice that her clerical supervisor position with FCDHS was being abolished effective January 16, 1996, due to a reorganization for a more efficient operation of the Department of Human Services. Monger appealed the abolishment of her position to the Board, and the administrative law judge held hearings on her appeal on May 20, 1997, and October 23, 1997. In the report and recommendation issued January 9, 1998, the administrative law judge found that FCDHS had proven by a preponderance of the evidence that the abolishment of the position resulted in a more efficient operation of the department and that Monger had failed to prove bad faith. Thus, the administrative law judge recommended that the Board affirm the abolishment of Monger's position. Monger filed objections to the report and recommendation, but the Board issued an order on March 25, 1998, adopting the report and recommendation and affirming the abolishment.
Monger filed an appeal to the Franklin County Court of Common Pleas, pursuant to R.C. 119.12 and 124.328. In a decision, filed March 12, 1999, and a judgment entry, filed March 31, 1999, incorporating the decision, the common pleas court found that the Board's order was not supported by reliable, probative and substantial evidence and was not in accordance with law, in that FCDHS failed to prove that the abolishment of Monger's clerical supervisor position resulted in increased efficiency. The common pleas court did not address whether Monger's position was abolished in bad faith. Thus, the common pleas court disaffirmed the abolishment of Monger's position. FCDHS filed a timely notice of appeal.
On appeal, FCDHS asserts one assignment of error:
 THE TRIAL COURT ERRED IN FINDING THAT THE ORDER OF THE STATE PERSONNEL BOARD OF REVIEW WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND IS NOT IN ACCORDANCE WITH THE LAW.
Monger was originally employed by Fairfield County Children Services ("FCCS") as a case aide in August 1977. She progressed to the position of clerical supervisor, and her salary was $39,083 in 1995. In her position, she was responsible for supervising five clerical employees. Monger assigned clerical staff to work for the various Children Services units as well as approving their leave and performing their evaluations, but their day-to-day work assignments were given by the unit supervisors. The supervisory aspect of Monger's job constituted fifteen percent of her duties.
After FCCS lost three separate funding levies, the Fairfield County Commissioners ("Commissioners") contracted with Hemphill Associates ("Hemphill") to conduct an audit of the performance and organization of FCCS. Hemphill completed the audit and issued a report in May 1995. In this report, Hemphill noted that the clerical staff reported to the clerical supervisor but that they actually received their work assignments from the units to which they were assigned. The report recommended that the clerical staff report directly to the units to which they were assigned rather than the clerical supervisor.
After the release of the Hemphill report, the Commissioners and the FCCS Board concluded that FCCS should be merged with FCDHS. The Commissioners then contracted with Hamilton 
Associates ("Hamilton") to review the job duties of each FCCS worker and to create a position description and pay range for each employee. A transition team was also formed to work with Hamilton and to implement the recommendations of the Hemphill report as smoothly as possible. During the work of the transition team, the Commissioners expressed concern that Monger's salary was too high. Walter Ring, Director of FCDHS, was on the transition team and recommended to the Commissioners that the clerical supervisor position be abolished, based on the Hemphill report and the fact that the actual supervision of the clerical staff on a day-to-day basis was being done by the individual units to which they were assigned.
The merger of FCCS into FCDHS was effective as of October 1, 1995, and on that date all FCCS employees became FCDHS employees. After the merger, Ring initiated the procedure to obtain permission of the Ohio Department of Administrative Services ("DAS") to abolish the clerical supervisor position. After obtaining approval of DAS, Ring informed Monger, by a letter dated December 29, 1995, that her position was being abolished effective January 16, 1996. One day prior to informing Monger of the abolishment, FCDHS posted a position opening for a secretary 2, reporting to the assistant director of the Children Services Division of FCDHS. The position included most of the duties that Monger was performing as clerical supervisor, other than the supervisory role, at a salary that was approximately $14,000 less than Monger's salary as clerical supervisor. Monger applied for and was offered the position, which she assumed in January 1996, without any apparent interruption in her service.
In FCDHS' single assignment of error, it argues that the common pleas court erred by finding that the order of the Board was not supported by reliable, probative and substantial evidence and not in accordance with law. We disagree.
Under R.C. 119.12, a trial court reviewing an order of an administrative agency must consider the entire record and determine whether "the order is supported by reliable, probative, and substantial evidence and is in accordance with law." The trial court must give due deference to the agency's resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 111. If the trial court finds that the order is supported by reliable, probative and substantial evidence and is in accordance with law, then the trial court must affirm the order. Pons v. Ohio State Med. Bd. (1993), 66 Ohio St.3d 619,621. However, an appellate court's review is more limited. Id. The appellate court reviews the trial court's decision on an abuse of discretion standard and, absent an abuse of discretion, the appellate court must affirm. Id.
In reviewing the order of the Board, the common pleas court relied on R.C. 124.321(D), and Bispeck v. Bd. of Commrs. ofTrumbull Cty. (1988), 37 Ohio St.3d 26. In Bispeck, the Supreme Court of Ohio indicated that an appointing authority bears the burden of proving by a preponderance of the evidence that the abolishment of a position was undertaken because of a lack of need for the position, a reorganization for the efficient operation of the appointing authority, for reasons of economy, or for a lack of work anticipated to last more than twelve months. Bispeck, at 28. The Supreme Court of Ohio noted that the legislature intended for appointing authorities to have to prove that an abolishment resulted in more efficient operations. Id. at 30-31. To determine whether any efficiency gains were achieved from the abolishment, the agency's operations before and after the abolishment must be considered. Id. at 30.
The common pleas court concluded that FCDHS failed to meet its burden of producing evidence of the agency's efficiency before and after the abolishment of the clerical supervisor position. Our review of the record supports the common pleas court's conclusion. None of FCDHS' witnesses had any personal knowledge as to Monger's duties prior to the merger and job abolishment. Only FCDHS witness Ann Harr, Monger's current supervisor, was able to testify to her current job duties. Thus, FCDHS did not present before and after evidence as required byBispeck. Moreover, FCDHS failed to produce evidence of increased efficiency. The common pleas court correctly discounted the administrative law judge's reliance on the Hemphill report as evidence of increased efficiency because it was produced prior to the merger and abolishment. Neither the Hemphill report nor the transition team report specifically recommended the abolishment of the clerical supervisor position. The administrative law judge's reliance on notions of sensibility does not rise to the level of probative evidence. Also, the fact that the county received no negative feedback from the public after the merger also does not rise to the level of probative evidence of increased efficiency due to the abolishment of Monger's position.
Consequently, we find that the record fully supports the trial court's conclusion that FCDHS failed to meet its evidentiary burden of proving a more efficient operation. Thus, the trial court did not abuse its discretion by concluding that the Board's order was not supported by reliable, probative and substantial evidence and was not in accordance with law. Therefore, FCDHS' single assignment of error is overruled.
Based upon the foregoing reasons, FCDHS' assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
 _________________ KENNEDY, J.
BROWN and TYACK, JJ., concur.