OPINION
{¶ 1} Appellant, Jessica A. Auchi, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, Ohio Liquor Control Commission ("commission"), which revoked appellant's liquor permit. For the following reasons, we affirm that judgment.
 {¶ 2} Appellant and her husband owned and operated the In 
Out Deli in Cincinnati, Ohio. Appellant held a C1-C2 liquor permit that allowed the store to sell carry-out beer and wine. The Ohio Department of Public Safety ("department"), with assistance from the Cincinnati Police Department, investigated appellant's store as a result of allegations that appellant and/or her employee participated in the illegal use of food stamps or Women, Infants Children's Services Program ("WIC") benefits. On five separate occasions in 2004, agents from those departments purchased alcohol at appellant's store by using food stamps or an electronic benefit transaction ("EBT") card and also received cash from fake sales debited to the EBT card.[1]
The purchased items were sold at double the normal purchase price. As a result, appellant, her husband, and the store's manager were each charged in the Hamilton County Court of Common Pleas with a variety of criminal offenses. Appellant and her husband ultimately pled guilty to counts of attempting the illegal use of food stamps or WIC program benefits.[2]
 {¶ 3} Subsequently, the department mailed five notices of hearing to appellant, each alleging that appellant and/or her employee violated Ohio Adm. Code 4301:1-1-52 by allowing the illegal use of food stamps or EBT cards. At a hearing in front of the commission, appellant's counsel denied the violations alleged in the notices but stipulated to the facts contained in the department's investigative reports which described the illegal conduct. In an attempt to mitigate the potential sanction, however, counsel noted that appellant and her husband admitted their guilt in court. Moreover, counsel pointed out that appellant had lost her food stamp license and that the store was appellant's livelihood. By orders mailed November 1, 2005, the commission found that appellant violated Ohio Adm. Code4301:1-1-52 as alleged in each notice. Therefore, the commission revoked appellant's liquor permit.
 {¶ 4} Appellant appealed the commission's decision to the Franklin County Court of Common Pleas, which affirmed the decision. Appellant appeals to this court and assigns the following error:
THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED BY AFFIRMING THE ORDER OF THE LIQUOR CONTROL COMMISSION AND FINDING THAT THE LIQUOR CONTROL COMMISSION ORDER WAS IN ACCORDANCE WITH LAW AND DID NOT VIOLATE THE UNITED STATES AND OHIO CONSTITUTIONS.
 {¶ 5} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative and substantial evidence and is in accordance with the law. Huffman v. Hair Surgeon, Inc.
(1985), 19 Ohio St.3d 83, 87. Reliable, probative and substantial evidence has been defined as follows:
(1) `Reliable' evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) `Probative' evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) `Substantial' evidence is evidence with some weight; it must have importance and value. Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, 589.
 {¶ 6} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the commission's order was supported by reliable, probative and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd.
(1992), 63 Ohio St.3d 339, 343.
 {¶ 7} In her sole assignment of error, appellant contends that the sanction imposed by the commission, the revocation of her liquor permit, was an abuse of discretion and was unconstitutionally excessive. She also contends that the commission did not consider her mitigating evidence. We disagree.
 {¶ 8} We first address appellant's claim that the revocation of her liquor permit was an abuse of discretion. A common pleas court has no authority to modify a penalty imposed by an agency on the ground that the agency abused its discretion when the penalty is authorized by law. Henry's Café, Inc. v. Bd. ofLiquor Control (1959), 170 Ohio St. 233, paragraph three of the syllabus; Four Horseman, Inc. v. Ohio Liquor Control Comm.
(Sept. 16, 1997), Franklin App. No. 97APE05-612. R.C. 4301.25
gives the commission the discretion to either suspend or revoke a liquor permit when the permit holder violates a state liquor law.FOE Aerie 2177 Greenville v. Ohio State Liquor Control Comm.,
Franklin App. No. 01AP-1330, 2002-Ohio-4441, at ¶ 28. The commission determined that appellant violated a state liquor law. Appellant has not challenged that determination on appeal. Therefore, the commission had the authority to revoke her liquor permit, and the common pleas court could not modify that lawfully imposed sanction. Henry's Café; FOE Aerie 2177 Greenville,
at ¶ 28; Four Horsemen.[3]
 {¶ 9} Appellant next claims that the revocation of her liquor permit amounted to an excessive fine in violation of both the Ohio and United States constitutions. See Section 9, Article I, Ohio Constitution; Eighth Amendment, United States Constitution. We disagree.
 {¶ 10} First, we note that these constitutional provisions relate to criminal proceedings, not civil proceedings. Gehad Mandi, Inc., supra, at ¶ 6. As R.C. 119.12 makes clear, the license revocation proceeding is a civil proceeding, not a criminal proceeding. Therefore, these constitutional provisions are inapplicable. Id.
 {¶ 11} Second, it is not clear that the revocation of a liquor permit constitutes a "fine" within the meaning of theEighth Amendment. Suspension and revocation of state-issued permits generally are remedial measures and not "punishment" subject to the protections of the Eighth Amendment. FourHorsemen.[4]
 {¶ 12} Nevertheless, even if we were to assume that the revocation of a liquor license could be considered a fine and that these constitutional provisions applied to a civil proceeding, we do not find that revocation of appellant's liquor license was an excessive sanction under these circumstances. Appellant stipulated to the facts that supported the criminal convictions arising from this case. She, as the permit holder, is responsible for the acts of her employees. Those acts included the improper use of food stamps and doubling of prices charged for the items purchased in these illegal transactions. We find that revocation of appellant's liquor license is not an excessive sanction given these facts.
 {¶ 13} Finally, appellant argues that the commission failed to consider her mitigation argument. However, appellant has not identified anything in the record to support her contention that the commission failed to consider her mitigation argument. Merely because the commission revoked appellant's liquor permit does not lead to the conclusion that the commission failed to consider her argument. Belcher v. Ohio State Racing Comm., Franklin App. No. 02AP-998, 2003-Ohio-2187, at ¶ 21. In the absence of a contrary indication, we can assume that the commission considered appellant's mitigation argument and rejected it.
 {¶ 14} Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Travis and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Food stamps may not be accepted to purchase alcoholic beverages. See Seouds Ents., Inc. v. Ohio Liquor Control Comm.,
Franklin App. No. 03AP-105, 2003-Ohio-7233, at ¶ 16 and fn. 3.
[2] Appellant pled guilty to one such count while her husband pled guilty to two counts. Appellant's employee, the manager of her store, had four counts of illegal use of food stamps or WIC program benefits dismissed, apparently in exchange for his guilty plea to four counts of theft.
[3] To the extent appellant takes issue with the Supreme Court of Ohio's holding in Henry's Café, this court has no authority to modify, much less overrule that decision. This court, as an intermediate appellate court, is bound by, and must follow and apply, the decisions of the Supreme Court of Ohio. See, e.g.,Gehad Mandi, Inc. v. Ohio State Liquor Control Comm.,
Franklin App. No. 05AP-1181, 2006-Ohio-3081, at ¶ 7; Lindner v.Ohio Liquor Control Comm. (May 31, 2001), Franklin App. No. 00AP-1430.
[4] We note, however, that this court in Four Horseman also stated "such measures [suspension and revocation of state-issued permits], though generally fairly characterized as remedial, can in some applications, `cross the line' and become excessive punishment cognizable under the Eight Amendment," citing Statev. Gustafson (1996), 76 Ohio St.3d 425, 441.