OPINION
{¶ 1} Appellant, WW I Subhis, Inc., appeals from a judgment of the Franklin County Court of Common Pleas, affirming orders of appellee, Ohio Liquor Control Commission ("commission"), finding appellant had committed violations of R.C. 4301.25(A) and Ohio Adm. Code 4301:1-1-52, and revoking appellant's liquor permit.
 {¶ 2} On April 13, 2005, the Ohio Department of Public Safety mailed notices of hearing to appellant regarding allegations that appellant or its agents and/or employees had allowed improper conduct in and upon the permit premises and/or were convicted in Hamilton County Court of Common Pleas for violations of receiving stolen property in and upon the permit premises. A hearing was conducted before the commission on May 18, 2005; at the hearing, appellant entered a denial as to the alleged violations, while stipulating to the facts in the investigative reports. The commission subsequently issued 15 orders, each revoking appellant's license, effective June 21, 2005.
 {¶ 3} On June 13, 2005, appellant filed a notice of appeal with the Franklin County Court of Common Pleas from the commission's orders. On August 22, 2005, appellant submitted a brief with the court, arguing that the commission's penalty should have been a suspension rather than a license revocation because, it was asserted, the evidence was not substantial enough to warrant revocation. The commission filed a response brief September 1, 2005.
 {¶ 4} By decision filed April 7, 2006, the trial court affirmed the orders of the commission. The decision of the trial court was journalized by judgment entry filed May 24, 2006.
 {¶ 5} On appeal, appellant sets forth the following single assignment of error for review:
 The Franklin County Common Pleas Court abused its discretion in finding the Ohio Liquor Control Commission's decision was supported by reliable, probative and substantial evidence.
 {¶ 6} In the instant case, the commission revoked appellant's liquor permit based upon violations of R.C. 4301.25(A) and 4301:1-1-52. R.C. 4301.25(A) provides in part that the commission "may suspend or revoke any permit issued under this chapter or Chapter 4303. of the Revised Code for the violation of any of the applicable restrictions of either chapter or of any lawful rule of the commission." Ohio Adm. Code 4301:1-1-52(B) (hereafter "Regulation 52") states in relevant part:
 Prohibited activities; no permit holder, his agent, or employee shall knowingly or willfully allow in and upon his licensed permit premises any persons to:
 * * *
 (7) Obtain or exert control over property or services of another, with purpose to deprive the owner thereof, without the consent of the owner or person authorized to consent, or by deception, fraud or threat. Nor shall any permit holder, his agent, or employee, use the licensed permit premises to receive, retain, or dispose [of] property of another, knowing or having reasonable cause to believe such property has been obtained through the commission of a theft offense.
 {¶ 7} In Dave's Drive Thru, Inc. v. Ohio Liquor Control Comm., Franklin App. No. 03AP-136, 2003-Ohio-4514, at ¶ 5-6, this court discussed the applicable standards of review for a trial court and appellate court in reviewing an administrative appeal under R.C. 119.12, stating in relevant part:
 In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 407 N.E.2d 1265.
 On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985), 27 Ohio App.3d 214, 500 N.E.2d 362. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co. (1983), 11 Ohio App.3d 159, 463 N.E.2d 1280. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. of Cincinnati College of Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339, 587 N.E.2d 835.
 {¶ 8} In Our Place, Inc. v. Ohio Liquor Control Comm. (1992),63 Ohio St.3d 570, 571, the Ohio Supreme Court defined the evidence required under R.C. 119.12 as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
 {¶ 9} As noted above, during the hearing before the commission, appellant stipulated to the facts in the investigators' reports. In his appeal to the trial court, appellant acknowledged it was undisputed that three of its employees were convicted of receiving stolen property, and that the permit holder had pending felony charges as to similar matters. Appellant further acknowledged that the evidence as to the violations was reliable and probative, but asserted that the issue before the court was whether such evidence was substantial enough to warrant revocation. More specifically, appellant argued that the commission improperly considered the pending charges against its sole shareholder, Omran Saleh, in deciding to revoke the liquor permit.
 {¶ 10} The trial court held, however, that, even excluding the pending charges against Saleh, there was still sufficient reliable, probative, and substantial evidence to support the decision to revoke appellant's permit. The trial court noted, based upon the stipulated record, that three of appellant's employees had been convicted of receiving stolen property on the permit premises, and that such conduct was in violation of Ohio Adm. Code 4301:1-1-52.
 {¶ 11} On appeal, appellant argues, as it did before the trial court, that the evidence was not substantial enough to warrant the penalty of revocation. We find no abuse of discretion by the trial court.
 {¶ 12} This court has consistently held that "[a] common pleas court has no authority to modify a penalty imposed by an agency on the ground that the agency abused its discretion when the penalty is authorized by law." Auchi v. Liquor Control Comm., Franklin App. No. 06AP-493,2006-Ohio-6003, at ¶ 8, citing Henry's Café, Inc. v. Bd. of LiquorControl (1959), 170 Ohio St. 233, paragraph three of the syllabus, andFour Horseman, Inc. v. Ohio Liquor Control Comm. (Sept. 16, 1997), Franklin App. No. 97APE05-612. Further, as noted by the trial court, a permit holder is responsible for the actions of its employees on the permit premises. Auchi, supra, at ¶ 12. See, also, Backside, Inc. v.Ohio Liquor Control Comm., Franklin App. No. 03AP-516, 2004-Ohio-1009, at ¶ 16 ("the plain language of Regulation 52 permits a finding of a violation where only an employee or an agent of the permit holder knowingly allows certain prohibited activities to take place in or about the permit premises, even when no owner or manager is aware of the existence of the prohibited activities").
 {¶ 13} In the present case, the record supports the trial court's determination that there was reliable, probative, and substantial evidence to support the commission's findings regarding the violations at issue. Further, the commission, having found violations of state liquor laws and regulations (and where such determination has not been challenged on appeal), "had the authority to revoke [appellant's] liquor permit, and the common pleas court could not modify that lawfully imposed sanction." Auchi, supra, at ¶ 8.
 {¶ 14} Based upon the foregoing, appellant's single assignment of error is without merit and is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
 KLATT, P.J., and PETREE, J., concur.