DECISION
{¶ 1} Appellant, Abdel Latif, Inc., appeals from judgments of the Franklin County Court of Common Pleas affirming the orders of appellee, Ohio Liquor Control *Page 2 
Commission ("commission"), that revoked appellant's liquor permit. Because reliable, probative and substantial evidence supports the commission's orders, because the orders are in accordance with law, and because the penalty is not subject to modification on appeal, we affirm.
 {¶ 2} The orders subject of appellant's appeal have their origin in a task force the Ohio Organized Crime Investigation Commission created to investigate alleged trafficking in food stamps, receiving stolen property, money laundering, and other corrupt activities. The task force included the Greater Dayton Police Departments, assisted by the United States Department of Agriculture, Office of Inspector General, the Federal Bureau of Investigation, the Internal Revenue Service, the Ohio Investigative Unit, and the Ohio Bureau of Criminal Identification and Investigation.
 {¶ 3} The task force conducted multiple sting operations against appellant's permit premises, doing business as E-B Drive Thru ("E-B") at 3830 Germantown Pike in Dayton, Ohio. Typical of the sting operations at E-B is the one conducted on February 20, 2003. According to the investigator's report of that operation, Agent B. Guinther, along with other agents, was briefed on a plan where Guinther would visit E-B, attempt to sell to R. Ihrabi, an employee of E-B, property presented as stolen. The property included 12 cases labeled Budweiser beer, one case labeled Bud Light beer, 12 packs of 24-ounce cans labeled Budweiser beer, seven cartons of Newport Kings cigarettes, four cartons of Salem cigarettes, and eight cartons of Marlboro cigarettes. The total retail value of the products was represented to be $1,031.26.
 {¶ 4} At approximately 11:39 a.m. on February 20, Guinther arrived at E-B and drove into the drive-thru portion where Ihrabi met him. Ihrabi asked Guinther what *Page 3 
Guinther had for him, and Guinther replied that he had some cigarettes and beer. Guinther showed Ihrabi the cartons of cigarettes located on the front seat of Guinther's vehicle. Ihrabi opened one carton of each brand of tobacco to see if it bore the Ohio State taxation stamp, and then he pulled the tarp to view the cases of beer located in the back of the truck. Ihrabi asked Guinther how much he wanted for the products, and Guinther stated he had over $1,000 worth of goods; Ihrabi offered Guinther $300. Guinther countered with an offer of $325, and after a brief conversation, Guinther and Ihrabi agreed on $300 for all the items. Guinther then drove around the back and into the drive-thru where Ihrabi and Guinther unloaded the beer from the truck. While Guinther was unloading the products, customers came onto the premises, causing Guinther to have to drive through a second time. As Guinther did so, Ihrabi walked out of his office and handed Guinther $300 in cash. Some of the other sting operations involved different items, including cigars.
 {¶ 5} The approximately 15 sting operations at E-B gave rise to 13 separate notices of hearing to appellant. Each of the 13 notices charged that on or about the specified date, appellant, its agent or employee knowingly or willfully allowed improper conduct in violation of Ohio Adm. Code 4301:1-1-52 ("Regulation 52") in and upon or about the permit premises in that appellant, its agent or employee, allowed an agent or employee to receive stolen property in violation of Regulation 52. See Ohio Adm. Code 4301:1-1-52 (stating, "[n]or shall any permit holder, his agent, or employee, use the licensed permit premises to receive, retain, or dispose of property of another, knowing or having reasonable cause to believe such property has been obtained through the commission of a theft offense). *Page 4 
 {¶ 6} In addition to the charge of improper conduct premised on receiving stolen property, three of the notices of hearing contained an additional violation. In case No. 526-05, the second violation asserted that on or about October 8, 2004, appellant or its agent or employee, Amir Rasras, was convicted in the United States District Court, Southern District, Dayton, for violating Section 18, Title 371, U.S. Code (Receiving Stolen Property), a felony, in violation of R.C. 4301.25(A). See R.C. 4301.25(A) (allowing the commission to revoke a permit if the permit holder's employee or agent is convicted of a felony). Case Nos. 535-05 and 536-05 each contained a second violation asserting that on or about the specified date, appellant or its agent or employee, Ihrabi, purchased beer from other than an A or B permit holder for resale in and upon the permit premises in violation of R.C. 4303.35. See R.C. 4303.35
(stating that "[n]o holders of retail permits shall purchase any beer subject to the tax imposed by sections 4301.42 and 4305.01 of the Revised Code or any wine or mixed beverage subject to the tax imposed by section 4301.43 of the Revised Code for resale, except from holders of A or B permits").
 {¶ 7} Appellant denied the charges, and a hearing was held on the notices before the commission on July 13, 2005. Prior to commencement of the hearing, the Department of Public Safety ("Department") dismissed case Nos. 531-05, 533-05, 537-05, and 538-05 out of the original cases numbered 526-05 through 538-05. The commission took evidence on the remaining nine cases, including appellant's stipulation to the investigation reports and other evidence the Department presented, and issued orders in each of the nine cases revoking appellant's permit effective noon, August 16, 2005.
 {¶ 8} Appellant appealed to the Franklin County Court of Common Pleas, contending reliable, probative and substantial evidence did not support the commission's *Page 5 
decision to revoke appellant's permit, the revocation was not in accordance with law, and revocation was excessive punishment in violation of the Eighth Amendment to the United States Constitution. The common pleas court found none of appellant's contentions persuasive and affirmed the commission's orders. Appellant appeals, assigning the following errors:
 1.) The order of the Liquor Control Commission to revoke the Permit Holder's license is not supported by reliable, probative and substantial evidence.
 2.) The order of the Liquor Control Commission to revoke the Permit Holder's license is not in accordance with law.
 3.) Excessive punishment is a violation of the Eighth amendment to the US Constitution.
 {¶ 9} Under R.C. 119.12, when a common pleas court reviews an order of the administrative agency, the common pleas court must consider the entire record to determine whether the agency's order is supported by reliable, probative and substantial evidence and is in accordance with law. Univ. of Cincinnati v. Conrad (1980), 63 Ohio St.2d 108, 110-111. The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court `must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' "Provisions Plus, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 03AP-670, 2004-Ohio-592, at ¶ 7, quotingLies v. Veterinary Med. Bd. (1981), 2 Ohio App.3d 204. In its review, the common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but the findings of the agency are not conclusive. Conrad, supra. *Page 6 
 {¶ 10} By contrast, an appellate court's review is more limited.Provisions Plus, citing Pons v. Ohio State Med. Bd. (1993),66 Ohio St.3d 619. The appellate court determines whether the trial court abused its discretion. Id. Absent an abuse of discretion, the appellate court may not substitute its judgment for that of the administrative agency or the common pleas court. Id. An appellate court, however, has plenary review of purely legal questions. Id. Because this appeal involves both questions of law and fact, the standards of review will be applied accordingly.
I. First and Second Assignments of Error {¶ 11} Appellant's first two assignments of error challenge the evidence before the commission, contending that because the evidence does not support the violations alleged in the notices of hearing, the orders are not in accordance with law. During oral argument before this court, appellant noted it was not disputing the events recorded in the investigator's reports. Rather, as appellant acknowledged, appellant's stipulation to the reports allowed the commission to rely on the reports as a record of the actual events described in them. As a result, appellant clarified at oral argument that it was not contesting anything but the sanction.
 {¶ 12} Appellant appropriately does so. Each of the investigative reports supporting the alleged violation describes in detail the preparation and execution of the sting operation resulting in the sale of purportedly stolen items to an agent or employee of appellant at E-B. While appellant testified at the hearing that he had no knowledge of the activities occurring at E-B and left reconciliation of the business' books to his accountant, Regulation 52 does not require that the permit holder know of the wrongdoing occurring on the premises. GoldfingerEnterprises, Inc. v. Ohio Liquor Control Comm., Franklin App. *Page 7 
No. 01AP-1172, 2002-Ohio-2770. The first case, 526-05, also alleged a conviction of appellant's employee or agent, but the record contains the judgment entry reflecting that conviction. Because the evidence amply supports the commission's determination that appellant violated Regulation 52, appellant's first two assignments of error are overruled.
II. Third Assignment of Error {¶ 13} Appellant's third assignment of error contests the severity of the sanction imposed. Although the commission could have fined appellant or suspended its permit, the commission chose to revoke the permit. Contending that the sanction is impermissibly severe, appellant requests that this court modify the sanction.
 {¶ 14} "[U]nder the oft-cited case of Henry's Café, Inc. v. Bd. ofLiquor Control (1959), 170 Ohio St. 233, 163 N.E.2d 678, this court has no authority to modify a penalty lawfully imposed by the commission."Goldfinger, supra, at ¶ 19. (Citations omitted.) In Goldfinger this court acknowledged the harsh effects of Henry's Café in some instances, but it also appropriately acknowledged that this court is "bound by the precedent of Henry's Café. * * * `As a practical matter, courts have no power to review penalties meted out by the commission. Thus we have little or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh.' "Goldfinger, at ¶ 22-23, quotingLindner v. Ohio Liquor Control Comm. (2001), Franklin App. No. 00AP-1430. Although this court on occasion suggested the time may have come to reconsider Henry's Café, we also recognize that the Supreme Court of Ohio is the only court that can do so. "We, as an intermediate appellate court, are required to follow the syllabus of Henry'sCafé unless or until such reconsideration occurs." Lindner, supra. Accordingly, we decline appellant's invitation to modify the penalty the commission imposed. *Page 8 
 {¶ 15} Appellant attempts to circumvent Henry's Café by contending the penalty the commission imposed is excessive and thus violates theEighth Amendment to the United States Constitution. "The purpose of theEighth Amendment is to limit the government's power to punish." Four Horseman,Inc. v. Ohio Liquor Control Comm. (Sept. 16, 1997), Franklin App. No. 97APE05-612, citing Austin v. United States (1993), 509 U.S. 602, 609. The "[suspension and revocation of state-issued permits generally are remedial measures and not `punishment' subject to the protections of theEighth Amendment." Four Horseman, Inc., supra, (noting that even though such measures are generally considered remedial, in some instances they may "cross the line" and become excessive punishment cognizable under the Eighth Amendment). As a result, the Eighth Amendment generally applies to criminal matters, not to civil matters such as the proceedings before the commission. Auchi v. Ohio Liquor ControlComm., Franklin App. No. 06AP-493, 2006-Ohio-6003, at ¶ 10.
 {¶ 16} Even if we were to assume the revocation of appellant's permit falls within the purview of the Eighth Amendment, we cannot conclude the sanction in this case is excessive, given the number of sting operations conducted at the permit premises, the amount of goods involved, and the ensuing multiple violations of the liquor laws. Cf. Auchi, supra (concluding the improper use of food stamps and doubling of prices in the illegal transactions supported the commission's decision to revoke the liquor permit at issue). The commission may impose revocation here as an available penalty without violating appellant's rights under theEighth Amendment. Accordingly, appellant's third assignment of error is overruled. *Page 9 
 {¶ 17} Having overruled all three of appellant's assignments of error, we affirm the judgments of the Franklin County Court of Common Pleas.
 Judgments affirmed. KLATT and FRENCH, JJ., concur. *Page 1