OPINION
{¶ 1} Appellant, Ruth Ann Holzhauser, M.D., appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of the appellee, State Medical Board of Ohio ("board"), permanently revoking her medical license. For the following reasons, we affirm that judgment.
 {¶ 2} Appellant has been a licensed physician in Ohio since the early 1980's. Since that time, she taught at The Ohio State University and worked for the Ohio Department of Health, the Ohio Department of Mental Retardation and Developmental *Page 2 
Disabilities, and the Ohio Department of Youth Services. In 1998, she took a job as the Medical Director of Maryhaven, a treatment facility for chemically-dependent individuals.
 {¶ 3} In the fall of 2003, appellant decided to leave her position with Maryhaven. She saw a classified ad in a local newspaper for Medsnationwide.com, a company that prescribes medications over the internet. Intrigued, she contacted the company's CEO, Mrs. O'Shea, to learn more about the company. Mrs. O'Shea told appellant about the company and assured her that prescribing medications over the internet was legal. She also put appellant in contact with an attorney for the National Center for Telemedicine Law, who assured appellant that the services performed by physicians working for Medsnationwide.com were legal. Appellant did not consult with any other attorney, nor did she contact anyone with the board to determine whether prescribing medications over the internet was permissible in Ohio.
 {¶ 4} Appellant started working for Medsnationwide.com on September 30, 2003. Patients seeking medications from Medsnationwide.com filled out questionnaires that provided information about their general health, medical history, and current medications. They also were required to provide medical records for the past two years. The records had to support what the patient claimed was his or her "chief complaint." Patients were also required to provide a photo I.D. All of this information was given to appellant, who would normally review it the day before her telephone consultation with the patients. Appellant would then consult with each patient, over the phone, typically for 20 to 30 minutes. She never met with any of the patients in person. If she felt that the patient warranted a prescription, appellant would electronically sign a prescription, which then *Page 3 
went to another legal entity that sent the prescription to the dispensing pharmacy. She also filled out a hard copy of the prescription form that was also sent to the pharmacy.
 {¶ 5} In seven months with Medsnationwide.com, appellant wrote almost 900 prescriptions for more than 600 people. She testified that she prescribed medication to 90 percent of the people with whom she consulted. The vast majority of the prescriptions she wrote were for Hydrocodone, a Schedule 3 controlled substance. Appellant stopped working for Medsnationwide.com on April 21, 2004, the day she received a phone call from a board investigator who informed her that the work she had been performing for Medsnationwide.com violated of the board's rules.
 {¶ 6} As a result of her actions while employed with Medsnationwide.com, the board notified appellant in a letter dated October 13, 2004 that it intended to determine whether her medical license should be sanctioned. Specifically, the board alleged that appellant prescribed controlled substances to patients without personally examining them in violation of R.C. 4731.22(B)(20) and Ohio Adm. Code 4731-11-09(A).[1] Appellant requested a hearing concerning her license.
 {¶ 7} At the hearing, appellant admitted she prescribed controlled substances to patients without personally examining them. She claimed, however, that she did not intentionally violate the rules because she was told by people associated with Medsnationwide.com that there was nothing improper about her conduct. Appellant also testified that this was the first time in her medical career that she had been in trouble with the board, and that she had aided the board in its investigation of her conduct. *Page 4 
 {¶ 8} The hearing examiner concluded that appellant's conduct violated Ohio Adm. Code 4731-11-09(A) and, therefore, also violated R.C.4731.22(B)(20). The hearing examiner recommended that the board permanently revoke appellant's medical license. Appellant objected to the hearing examiner's recommendation, claiming that the mitigating factors in her case weighed in favor of a less severe sanction. The board disagreed and ordered the permanent revocation of appellant's medical license. Appellant appealed that order to the Franklin County Court of Common Pleas, which affirmed the board's order of revocation.
 {¶ 9} Appellant appeals and assigns the following errors:
 Assignment of Error 1:
 The Court of Common Pleas abused its discretion in upholding the Medical Board's Order to permanently revoke Dr. Holzhauser's license based on the fact that the Medical Board charged Dr. Holzhauser with violating an administrative rule (O.A.C. 4731-11-09) that conflicts with R.C. 4731.296.
 Assignment of Error 2:
 The Court of Common Pleas erred in upholding the Medical Board's order to revoke Dr. Holzhauser's license by relying on testimony from its only witness who testified by telephone, when the Medical Board has no statutory authority for the testimony of a witness by telephone.
 Assignment of Error 3:
 The Court of Common Pleas erred by upholding the Medical Board's order to revoke Dr. Holzhauser's license by holding Dr. Holzhauser to a different standard of care from other physicians based on the fact that she was the former director of a drug and alcohol treatment center.
 {¶ 10} In an administrative appeal pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial *Page 5 
evidence and is in accordance with law. Huffman v. Hair Surgeon,Inc. (1985), 19 Ohio St.3d 83, 87. On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford ExemptedVillage School Dist. Bd. of Edn. v. State Bd. of Edn. (1992),63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination as to whether the commission's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. OhioState Med. Bd. (1992), 80 Ohio App.3d 675, 680. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question of whether the commission's order was in accordance with law, this court's review is plenary. Univ. Hosp., Univ. of Cincinnati Collegeof Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St .3d 339, 343.
 {¶ 11} In appellant's first assignment of error, she contends the board could not revoke her license because the administrative rule she allegedly violated conflicts with R.C. 4731.296. An administrative rule that conflicts with a valid, existing statute is invalid. State ex rel.Navistar Inter. Transp. Corp. v. Indus. Comm., Franklin App. No. 04AP-638, 2005-Ohio-3284, at ¶ 13, citing Kelly v. Accountancy Bd. ofOhio (1993), 88 Ohio App.3d 453, 458.
 {¶ 12} Ohio Adm. Code 4731-11-09(A) ("the rule") prohibits a physician (except in certain situations not applicable here) from prescribing, dispensing, or otherwise providing any controlled substance to a person the physician has never personally physically *Page 6 
examined and diagnosed. Appellant claims the rule conflicts with R.C.4731.296 ("the statute"), which allows physicians to practice telemedicine, that is, the practice of medicine through any communication, be it oral, written, or electronic, by a physician located outside of this state. Appellant argues that these provisions conflict because the statute permits physicians outside of Ohio to prescribe controlled substances to Ohio residents without a personal examination and diagnoses, something the rule prohibits. We disagree.
 {¶ 13} The rule does not conflict with the statute, because the statute does not allow a physician outside of this state to prescribe controlled substances to an Ohio patient the physician has not personally examined and diagnosed. In fact, it prohibits it. Specifically, R.C. 4731.296(D) provides that a physician with a telemedicine certificate may be disciplined for any violation of R.C.4731.22, which includes a violation of the board's rules. See R.C.4731.22(B)(20). Therefore, telemedicine certificate holders must comply with the board's rules, including the rule violated herein, which prohibits physicians from prescribing medications to a patient they have not personally examined and diagnosed. Thus, the two provisions do not conflict.[2]
 {¶ 14} Because Ohio Adm. Code 4731-11-09(A) does not conflict with R.C.4731.296, appellant's first assignment of error is overruled.
 {¶ 15} By her second assignment of error, appellant contends the board erred by allowing a witness to testify by telephone. Appellant claims the board lacked the authority to allow such testimony. We disagree. *Page 7 
 {¶ 16} Robert Neeley, the former husband of a woman who obtained prescriptions over the internet from appellant, testified about his ex-wife's addiction to both alcohol and hydrocodone. He testified that she had achieved a level of sobriety, but that she relapsed in December 2003, when she received a large amount of hydrocodone over the internet from appellant and Medsnationwide.com. Over appellant's objection, Mr. Neeley testified by telephone, because he lives in Alabama. He was the only witness to testify at the hearing other than appellant.
 {¶ 17} Generally speaking, a hearing officer has broad discretion in conducting administrative hearings. Althof v. Ohio State Bd. ofPsychology, Franklin App. No. 05AP-1169, 2007-Ohio-1010, at ¶ 61. The hearing examiner did not abuse that discretion in this case. Although there is no rule that specifically permits the board to take telephone testimony, Ohio Adm. Code 4731-13-03(C) requires a hearing examiner to "conduct hearing in such a manner as to prevent unnecessary delay, maintain order and ensure the development of a clear and adequate record." The language of the rule is broad enough to allow a hearing examiner to take telephone testimony when such testimony prevents delay and is helpful to the development of an adequate record. In this case, Mr. Neeley is a resident of Alabama and apparently could not attend the administrative hearing in Ohio. Thus, telephone testimony was an acceptable method of obtaining his testimony to ensure the development of an adequate record under the circumstances of this case. We also note that appellant was allowed to fully cross-examine Mr. Neeley.
 {¶ 18} Appellant also claims that she was prejudiced by the admission of Mr. Neeley's testimony. We disagree. His testimony described his life with his ex-wife, her addiction to drugs and alcohol, the effect of her addiction on their marriage, and how she *Page 8 
acquired controlled substances over the internet. Appellant's only substantive objection[3] to the testimony was a hearsay objection. The board overruled appellant's objection.
 {¶ 19} As a general rule, administrative agencies are not bound by the strict rules of evidence applied in courts. Haley v. Ohio State DentalBd. (1982), 7 Ohio App.3d 1, 6; Felice's Main Street, Inc. v. OhioLiquor Control Comm., Franklin App. No. 01AP-1405, 2002-Ohio-5962. The hearsay rule is relaxed in administrative proceedings. Id; Adanich v.Ohio Optical Dispensers Bd. (Oct. 8, 1991), Franklin App. No. 91AP-300. Thus, hearsay is permitted in administrative hearings, but the "`discretion to consider hearsay evidence cannot be exercised in an arbitrary manner.'" Fox v. Parma Community Gen. Hosp.,160 Ohio App.3d 409, 2005-Ohio-1665, at ¶ 59, quoting Menon v. Stouder Mem. Hosp. (Feb. 21, 1997), Miami App. No. 96-CA-27. Statements that would elsewhere be excluded as hearsay will be admissible in an administrative proceeding where they are not inherently unreliable, and may constitute reliable, probative, and substantial evidence. Doersam v. Gahanna (Sept. 30, 1997), Franklin App. No. 96APF12-1766; In re Petition for Annexation of162.631 Acres (1988), 52 Ohio App.3d 8.
 {¶ 20} The trial court did not abuse its discretion when it failed to find that the board erred by admitting Mr. Neeley's hearsay testimony. There is nothing in this record to indicate that his testimony was inherently unreliable. Mr. Neeley is an Assistant United States Attorney and he testified about his life and his experiences dealing with his ex-wife. Also, appellant never disputed that Mr. Neeley's ex-wife obtained the prescriptions from her while she worked forMedsnationide.com. Mr. *Page 9 
Neeley's ex-wife was identified as patient #423 in the records of the prescriptions appellant wrote for Medsnationwide.com. Appellant stipulated that she personally authorized each of the prescriptions in those records. Thus, appellant admitted that she wrote a prescription for controlled substances for Mr. Neeley's ex-wife. The substance of Mr. Neeley's testimony was already in evidence. Therefore, the trial court did not abuse its discretion when it determined that Mr. Neeley's testimony was admissible before the board because it was not inherently unreliable.
 {¶ 21} Appellant also claims that Mr. Neeley's testimony was prejudicial because it was not indicative of appellant's "average patient" at Medsnationwide.com and was used to make it appear that the vast majority of her patients were drug addicts. Even assuming this to be true, appellant did not raise this issue in front of the board. Errors which are not brought to the attention of the administrative agency by objection or otherwise are waived and may not be raised on appeal. Staschak v. State Med. Bd. of Ohio, Franklin App. No. 03AP-799,2004-Ohio-4650, at ¶ 33; Morgan v. Bd. of Edn. of Girard City SchoolDist. (1993), 90 Ohio App.3d 627, 631.
 {¶ 22} For all of these reasons, appellant's second assignment of error is overruled.
 {¶ 23} Appellant contends in her third assignment of error that the board held her to a higher standard of care because of her former position with Maryhaven, a drug and alcohol treatment and rehabilitation center. She claims that the board sanctioned her because she was the former director of Maryhaven and, therefore, should have known *Page 10 
better than to prescribe addictive, controlled substances without personally examining the patient. She also argues that the board failed to consider her mitigation evidence. We disagree.
 {¶ 24} The board did not hold appellant to a higher standard by taking into account her former employment. Instead, the board considered her former employment as an aggravating factor that weighed against evidence in favor of a lesser sanction. This was entirely proper, as her history of treating patients with drug and alcohol addictions makes her conduct in prescribing potentially addictive, controlled substances to patients she did not personally examine difficult to justify. Further, there is no evidence that the board failed to consider her evidence in mitigation. Merely because the board imposed a severe sanction does not lead to the conclusion that the board failed to consider her mitigation evidence. See Belcher v. Ohio State Racing Comm., Franklin App. No. 02AP-998, 2003-Ohio-2187, at ¶ 21; Auchi v. Liquor Control Comm., Franklin App. No. 06AP-493, 2006-Ohio-6003, at ¶ 13. Moreover, each board member acknowledged at the beginning of the hearing on appellant's case that they had received and considered the record of the case, including her objections, which adequately set forth her mitigation evidence in support of a lesser sanction.[4]
 {¶ 25} In the hearing before the board, appellant did not dispute that her conduct violated the board's rules. Instead, she argued to the board for a moderate sanction based on her past history and willingness to assist the board in its investigation. In essence, her argument in this assignment of error boils down to her claim that the board's *Page 11 
sanction was too harsh. Even if this court were to view her mitigating factors more favorably and disagree with the board's choice of sanction, we have no power to modify the board's lawfully imposed sanction.Reed. Appellant's third assignment of error is overruled.
 {¶ 26} Lastly, we grant the board's motion to strike additional evidence appellant seeks to introduce on appeal. The evidence, consisting of documents relating to the practice of telemedicine, was not presented to the board for its review and is not newly discovered evidence under R.C. 119.12.
 {¶ 27} Appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion to strike granted; judgment affirmed.
BRYANT, J., concurs.
TYACK, J., dissents.
[1] The board also alleged that appellant inappropriately utilized controlled substances for purposes of weight loss treatment in violation of R.C. 4731.22(B)(20) and Ohio Adm. Code 4731-11-04(B) and (C). In a stipulation entered into by the parties, appellant admitted to these allegations. These allegations are not at issue in this appeal.
[2] Because in-state and out-of-state physicians are all subject to the same requirements, we find appellant's constitutional claims unavailing.
[3] Appellant made a foundational objection to Mr. Neeley's testimony about his wife's addiction. The board sustained her objection and requested counsel to lay a foundation for that testimony. Counsel then proceeded to lay a foundation for this testimony.
[4] We note that the board was not even required to consider such evidence. Reed v. State Med. Bd. of Ohio, 162 Ohio App.3d 429,2005-Ohio-4071, at ¶ 39.