[Cite as *Raig v. Ohio Real Estate Comm.*, 2019-Ohio-5415.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| JEFFERY RAIG, | : | **O P I N I O N** |
| Appellant, | : | |
| | | **CASE NO. 2019-P-0081** |
| - vs - | : | |
| OHIO REAL ESTATE COMMISSION, | : | |
| Appellee. | : | |

Civil Appeal from the Portage County Court of Common Pleas, Case No. 2019 CV 00238.

Judgment: Affirmed.

Lester S. Potash, 25700 Science Park Drive, Suite 160, Beachwood, Ohio 44122 (For Appellant).

*Dave Yost,* Ohio Attorney General, and *Brian R. Honen,* Assistant Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215 (For Appellee).

THOMAS R. WRIGHT, P.J.

{¶1} Appellant, Jeffery Raig, appeals the trial court's decision affirming revocation of his real estate license. We affirm.

{¶2} Appellant and his brother had a business that purchased, rehabilitated, and then sold real estate. His brother primarily performed the work on the properties and prepared progress payment applications that appellant signed and presented to a local

private investor, who then approved payments to the business.

{¶3} Some of the progress payment applications claimed that work had been performed when in fact it had not. As a result, in October 2016, appellant and his brother were indicted on 45 felony charges. Appellant ultimately plead to and was convicted of five counts of telecommunications fraud, fifth-degree felonies, and was sentenced to community control.

{¶4} Appellant notified the Ohio Department of Commerce, Division of Real Estate and Professional Licensing ("the Division") of his convictions. The Division issued a complaint asserting violations of R.C. 4735.18(A) and ethical canons governing real estate brokers.

{¶5} An administrative hearing was held in October 2018. Appellant admitted to the convictions but argued for a suspension and fine. The hearing officer did not make a sanction recommendation but found that appellant's convictions relate to his real estate license and violate R.C. 4735.18(A).

{¶6} Appellant filed objections with the Ohio Real Estate Commission ("the Commission"). The Commission unanimously adopted the hearing officer's decision, revoked appellant's license, and imposed a $2,500 fine.

{¶7} Appellant appealed to the Portage County Court of Common Pleas. In affirming revocation, the trial court found the Commission's decision to be supported by reliable, probative and substantial evidence, and consistent with applicable law.

{¶8} Appellant assigns the following as error:

{¶9} "The lower court abused its discretion in affirming the Ohio Real Estate Commission's adjudicatory order revoking Jeffery Raig's real estate sales license."

{¶10} Appellant does not challenge any factual findings, that a felony conviction constitutes a violation of R.C 4537.18(A), or that the Commission has the authority under R.C. 4735.051(I) to revoke his real estate license. Instead, he maintains that revocation is not warranted in light of the mitigating circumstances.

{¶11} Neither a common pleas court nor an appellate court has the authority to modify a penalty imposed by a state agency unless it is unauthorized. *Abdel Latif, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. Franklin No. 06AP-1078, 2007-Ohio-2943, ¶ 14, citing *Henry's Café, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233, 163 N.E.2d 678. *O'Wesney v. State Bd. of Registration for Engineers and Surveyors*, 5th Dist. Stark No. 2009-CA-00074, 2009-Ohio-6444, ¶ 72.

{¶12} Revocation is authorized and therefore, appellant's sole assignment is without merit. The judgment of the Portage County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, J.,

MARY JANE TRAPP, J.,

concur.

3