UNIVERSITY OF CINCINNATI, APPELLANT, *v.*
CONRAD, APPELLEE.

[Cite as Univ. of Cincinnati v. Conrad (1980),
63 Ohio St. 2d 108.]

(No. 79-613—Decided July 9, 1980.)

*Messrs. Beckman, Lavercome, Fox & Weil, Mr. Bernard C. Fox* and *Mr. Marc L. Greenberg,* for appellant.
*Mr. James C. Paradise,* for appellee.

*Per Curiam.* This appeal concerns the scope of review available to a Court of Common Pleas in an administrative appeal pursuant to R. C. 119.12. Although this court has addressed this issue in the past, an examination of the record in this cause indicates that further clarification is necessary.

As to the authority of a Court of Common Pleas upon review of an administrative order, pursuant to R. C. 119.12, such section provides, in pertinent part, that:

"The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law."

In *Andrews* v. *Bd. of Liquor Control* (1955), 164 Ohio St. 275, paragraph one of the syllabus, this court held that a Court of Common Pleas must, in an appeal pursuant to this section, appraise all the evidence "as to credibility of witnesses, the probative character of the evidence and the weight to be given it, and, if from such a consideration it finds that the * * *[administrative] order is not supported by reliable, probative, and substantial evidence and is not in accordance with law, the court is authorized to reverse, vacate, or modify the order * * *." However, *Andrews* also pointed out that R. C. 119.12 does not contemplate a trial *de novo* in the Court of Common Pleas by the following language, at 279-280:

"The appeal in the Common Pleas Court can not be a trial *de novo,* for the reason that the court is limited to an examination of the record of the hearing before the administrative agency and such additional evidence as the court, in its discretion, may allow to be presented upon the theory that it is newly discovered.

"It is obvious that, if the General Assembly had intended the appeal provision to afford a trial *de novo,* the court would be required to hear all material, relevant and probative evidence which either party might desire to present. On the other hand, the language in the amendment of 1951 extends the authority of the Common Pleas Court, upon appeal, beyond that court's former authority which did not permit it to substitute its judgment for that of the agency and which confined it to determining the rights of the parties in accordance with the statutes and law applicable."

In the case of *Hale* v. *Bd. of Edn.* (1968), 13 Ohio St. 2d 92, discussing the scope of review of the Common Pleas Court under R. C. 3319.16 (teacher termination), Chief Justice Taft stated, at pages 96-97, that:

"The legislative purpose, generally to authorize a Common Pleas Court to weigh the evidence on an appeal from an administrative agency, is indicated by other statutes, as well as by our decisions construing them. Thus, after the holding of this court in *Farrand* v. *State Medical Board* (1949), 151 Ohio St. 222, 85 N.E. 2d 113, the General Assembly amended what is now Section 119.12, Revised Code, to provide for such authority. *Andrews* v. *Board of Liquor Control, supra* (164 Ohio St. 275, paragraph one of syllabus). Furthermore, in adopting Section 2506.04, Revised Code, in 1957, the General Assembly even used the words 'preponderance of*** evidence' to emphasive [*sic*] this purpose."

In *Andrews,* this court acknowledged that determining whether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence. Although this in essence is a legal question, inevitably it involves a consideration of the evidence, and to a limited extent would permit a substitution of judgment by the reviewing Common Pleas Court.

In undertaking this hybrid form of review, the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts. For example, when the evidence before the court consists of conflicting testimony of approximately equal weight, the court should defer to the determination of the administrative body, which, as the fact-finder, had the opportunity to observe the demeanor of the witnesses and weigh their credibility. However, the findings of the agency are by no means conclusive.

Where the court, in its appraisal of the evidence, determines that there exist legally significant reasons for discrediting certain evidence relied upon by the administrative body, and necessary to its determination, the court may reverse, vacate or modify the administrative order. Thus, where a witness' testimony is internally inconsistent, or is impeached by evidence of a prior inconsistent statement, the court may properly decide that such testimony should be given no weight. Likewise, where it appears that the administrative determination rests upon inferences improperly drawn from

the evidence adduced, the court may reverse the administrative order.

Applying these general principles to the instant cause, we believe that the Court of Common Pleas utilized the appropriate scope of review in reversing the order of the commission. Conrad testified that he was not involved in the falsification of the accident report filed with the university. His testimony was supported by the testimony of other witnesses who were involved in the accident, and who were apparently friends of Conrad. However, there was also testimony by a disinterested third person, a Cincinnati police officer, who stated that Conrad had previously admitted participation in a scheme to falsify the accident report. Further, Conrad's testimony at the hearing concerning this prior statement was less than clear. We believe that the Court of Common Pleas was acting in accordance with its statutory power, under R. C. 119.12, in electing not to give credence to the testimony of Conrad, and in relying upon the testimony of the police officer.

The Court of Appeals herein held that "[i]t is well established that a common pleas court does not sit as the trier of facts in a case such as this. Its authority is solely that of a reviewing court***." The appellate court then reversed the lower court, finding that there was reliable, probative and substantial evidence before the commission. We believe that the Court of Appeals misperceived the scope of review of the Common Pleas Court in such a proceeding pursuant to the Administrative Procedure Act.

For all the foregoing reasons, we hereby reverse the judgment of the Court of Appeals.

*Judgment reversed.*

CELEBREZZE, C. J., HERBERT, SWEENEY, LOCHER and HOLMES, JJ., concur.

W. BROWN and P. BROWN, JJ., dissent.