OPINION
{¶ 1} This is an appeal by appellant, DKA, Inc., from a judgment of the Franklin County Court of Common Pleas, affirming an order of appellee, Ohio Liquor Control Commission ("commission"), revoking appellant's liquor permit.
 {¶ 2} The following facts are taken from a stipulated report prepared by an agent with the investigative unit of the Ohio Department of Public Safety. On September 6, 2001, an underage confidential informant went into appellant's premises and proceeded to the checkout counter with a 24-ounce can of "Bud Light" beer. An undercover agent was also in the store at the time, and witnessed the transaction. The clerk requested identification, and the informant gave the clerk a drivers' license showing his date of birth as 01/05/82. The clerk rang up the sale and the informant took the beer and left the store, turning the beer over to a detective with the Columbus Police Department.
 {¶ 3} Appellant was subsequently cited with three violations, including a violation of R.C. 4301.69(A), prohibiting the sale of liquor to underage persons. On May 16, 2002, a hearing was conducted before the commission. At the start of the hearing, the state moved to dismiss two of the violations and to proceed as to the alleged violation for sale to an underage person. The parties agreed to stipulate to the facts contained in the investigator's report. The commission found that a violation occurred, and noted that there had been previous violations at the permit premises. The commission subsequently issued an order revoking the holder's liquor permit.
 {¶ 4} On May 22, 2002, appellant filed an application for rehearing, asserting that the record before the commission at the hearing included some violations that occurred prior to a stock transfer in November 1995. The commission denied the application for rehearing, and appellant filed a notice of appeal with the trial court from the order of the commission revoking the permit. By decision filed February 21, 2003, the trial court affirmed the order of the commission.
 {¶ 5} On appeal, appellant sets forth the following single assignment of error for review:
The Franklin County Common Pleas Court abused its discretion in finding the Ohio Liquor Control Commission's decision was supported by reliable, probative and substantial evidence and was in accordance with law.
 {¶ 6} R.C. 119.12 states in pertinent part:
The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law.
 {¶ 7} In Dave's Drive Thru, Inc. v. Ohio Liquor ControlComm., Franklin App. No. 03AP-136, 2003-Ohio-4514, at ¶ 5-6, this court discussed the applicable standards of review for a trial court and appellate court in reviewing an administrative appeal under R.C. 119.12, stating in relevant part:
In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an agency's order to determine whether the order is supported by reliable, probative and substantial evidence and is in accordance with law. In performing this review, the court of common pleas may consider the credibility of the witnesses as well as the weight and probative character of the evidence. To a limited extent, the standard of review permits the court of common pleas to substitute its judgment for that of the administrative agency; however, the court of common pleas must give due deference to the administrative resolution of evidentiary conflicts. Univ. of Cincinnati v. Conrad (1980),63 Ohio St.2d 108, 407 N.E.2d 1265.
On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, the court of appeals does not determine the weight of the evidence. In reviewing the decision of the court of common pleas, as to whether an agency's order is or is not supported by reliable, probative and substantial evidence, an appellate court's role is limited to determining whether or not the court of common pleas abused its discretion. Hartzog v. Ohio State Univ. (1985),27 Ohio App.3d 214, 500 N.E.2d 362. An abuse of discretion implies the decision is both without a reasonable basis and is clearly wrong. Angelkovski v. Buckeye Potato Chips Co.
(1983), 11 Ohio App.3d 159, 463 N.E.2d 1280. This standard of review is limited to issues such as the weight of the evidence and credibility of the witnesses as to which the court of common pleas has some limited discretion to exercise. On questions of law, the court of common pleas does not exercise its discretion and the court of appeals' review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 587 N.E.2d 835.
 {¶ 8} Appellant contends that the commission's order was not supported by reliable, probative and substantial evidence, and was not in accordance with law, because it is not clear whether the commission, in its decision to revoke the license, relied upon some violations that occurred prior to the transfer of all shares of DKA, Inc. stock to the current shareholder. More specifically, at the May 16, 2002 hearing before the commission, the chairman noted that the record of the permit holder revealed, in addition to the violation at issue, the following prior violations: (1) a five-day suspension and fine in 1993 for underage sale; (2) an eight-day suspension in 1995 for an open container violation; (3) a three-day suspension and fine in 1997 for gambling on the premises; (4) a five-day suspension and fine in 2000 for underage sale; and (5) an eight-day suspension or fine in 2001 for underage sale.
 {¶ 9} In appellant's application for rehearing, counsel for appellant argued that, at the time of the hearing, counsel was unaware that all of the stock in DKA, Inc. had been sold in 1995, and that the Department of Liquor Control had approved the stock transfer from Derar Musa to Alia Hamed (the current shareholder) on November 2, 1995. Thus, appellant argued that a rehearing should be permitted because the record of prior violations, cited above, included some that preceded the stock transfer in 1995. The commission denied the application, finding that the application failed to qualify for any of the exceptions for a rehearing under Ohio Adm. Code 4303:1-1-65(I).
 {¶ 10} On appeal to the trial court, appellant argued that the chairman's reading into the record of violations that occurred before the current shareholder took over the business was unfair and misleading. The trial court, while agreeing that "the current owner should not be held accountable for pre-existing violations over which she had no control," nevertheless noted that "the current permit holder's record is not unsullied as there are three post-sale violations that the Commission could consider as prior bad acts."
 {¶ 11} At the outset, we note that appellant does not challenge the commission's finding that appellant's employee sold alcohol to an underage person on September 6, 2001. On that issue, the record indicates that, during the May 16, 2002 hearing before the commission, although appellant denied the charges, both parties stipulated to the investigative report and the facts contained therein. That report states in part that an agent of the Ohio Department of Public Safety observed a sale of liquor to an 18-year-old confidential informant. The informant exited the store and handed the beer to a detective with the Columbus Police Department. In view of the stipulated facts introduced before the commission, there was ample evidence to support the commission's finding of a violation for sale of alcohol to an underage individual. Accordingly, the trial court did not abuse its discretion in finding that the order of the commission was supported by reliable, probative and substantial evidence.
 {¶ 12} Again, appellant's primary contention is that evidence of violations occurring prior to the time of the stock transfer may have been considered when the commission decided on the penalty to be imposed. During the May 16, 2002 hearing before the commission, counsel for appellant did not challenge the record as to any of the prior violations. In appellant's application for rehearing, appellant's counsel argued in part that, at the time of the hearing, he was unaware of the prior stock transfer and, thus, such information constituted "newly discovered evidence." Ohio Adm. Code 4303:1-1-65(I) sets forth the grounds for a rehearing by the commission, including newly-discovered evidence "which with reasonable diligence could not have been discovered and produced at the hearing." That issue, however, is not properly before this court on appeal because appellant, in its appeal to the trial court, did not specifically challenge the commission's decision not to grant the petition for rehearing. We would note, nevertheless, even assuming counsel was unaware of the transfer at the original hearing, there was no indication that such evidence could not have been discovered with due diligence prior to that hearing.
 {¶ 13} Once the commission has properly determined there is a violation of law, the commission has "within its discretion the ability to impose various penalties, including revocation."Consun Food Industries, Inc. v. Ohio Liquor Control Comm.,
Franklin App. No. 02AP-1375, 2003-Ohio-4683, at ¶ 12. See, also,Two N, Inc. v. Ohio Liquor Control Comm. (Apr. 2, 1998), Cuyahoga App. No. 73271 (pursuant to R.C. 4301.25[A], the commission has authority to suspend or revoke a liquor license based upon a violation of any of the applicable restrictions of R.C. Chapter 4303 or Chapter 4301). Thus, the commission may revoke a permit based on only one violation. Tolbert v. OhioLiquor Control Comm. (Dec. 3, 1998), Franklin App. No. 98AP-285. Moreover, Ohio case law provides that, "[i]f there is reliable, probative and substantial evidence supporting the order, the court of common pleas has no authority to reverse an order on the basis that the penalty is harsh and an abuse of discretion." Id.
 {¶ 14} As stated above, in the present case, there was reliable, probative and substantial evidence to find a violation. Further, as noted by the trial court, in addition to the violation found at the hearing, appellant had three prior violations that occurred subsequent to the stock transfer, including two violations for the sale or furnishing of liquor to an underage person. Accordingly, pursuant to R.C. 4301.25, the commission was within its discretion to suspend or revoke appellant's license and, thus, the trial court did not err in affirming the order of the commission.
 {¶ 15} Based upon the foregoing, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Bryant and Petree, JJ., concur.