[Cite as *Deanru, L.L.C. v. Ohio Liquor Control Comm.*, 2018-Ohio-2854.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Deanru, LLC, | : | |
| Appellant-Appellant, | : | |
| | : | No. 17AP-777 |
| v. | : | (C.P.C. No. 17CV-5473) |
| Ohio Liquor Control Commission, | : | (ACCELERATED CALENDAR) |
| Appellee-Appellee. | : | |

## D E C I S I O N

### Rendered on July 19, 2018

**On brief:** *James J. Andrioff Co., LPA*, and *James J. Andrioff*; *Mark S. Gutentag*, for appellant.

**On brief:** *Michael DeWine, Attorney General,* and *Charles E. Febus*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Appellant, Deanru, LLC, appeals from an order of the Franklin County Court of Common Pleas affirming an order issued by appellee, Ohio Liquor Control Commission ("commission"), revoking appellant's liquor permits. Because the common pleas court did not abuse its discretion in concluding the commission's order was supported by reliable, probative, and substantial evidence, and in accordance with law, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant held Class D5 and D6 liquor permits and operated a facility called "Quiet Storm VSP Lounge" in Warrensville Heights, Ohio. Sharron Reed is the registered agent for appellant. On February 18, 2016, the Ohio Department of Public Safety Investigative Unit ("Ohio Investigative Unit") issued a notice to appellant indicating three violations of Ohio law. The first alleged violation was illegal possession of intoxicating

liquor not obtained from an authorized source, in violation of R.C. 4301.58(C). The second alleged violation was unsanitary conditions, in violation of Ohio Adm.Code 4301:1-1-17(E). The third violation was improper conduct through commission of a theft offense, in violation of Ohio Adm.Code 4301:1-1-52(B)(7).

{¶ 3} The commission conducted a hearing on the violations notice on May 18, 2017. At the hearing, appellant stipulated to the facts contained in the investigative report related to the first violation and moved to dismiss the second and third violations. The investigative report was admitted as evidence at the hearing. The report stated that on or about January 15, 2016, Agent Daniel Mone of the Ohio Investigative Unit was contacted by an agent of the United States Coast Guard Investigative Service ("CGIS") regarding a cash purchase in the amount of $6,605.53 of liquor from the United States Coast Guard exchange in Cleveland, Ohio, on December 31, 2015. The license plate of the vehicle used by the individual who made the purchase was registered to Sharron Reed. Sharron Reed was not affiliated with the armed services and was not entitled to purchase items from the Coast Guard exchange. On February 17, 2016, Agent Mone was again contacted by an agent of CGIS regarding a large cash purchase of liquor from the Coast Guard exchange. An individual later identified as Sharron Reed presented a military identification card bearing the name "Norma Taylor" and made three separate purchases of liquor totaling $9,991.94. An agent of CGIS marked the boxes and bottles for identification. Agent Mone and other agents of the Ohio Investigative Unit established surveillance and witnessed Sharron Reed and James R. Reed loading the liquor into two vehicles. The agents then followed Sharron and James R. Reed to a premises where the liquor was unloaded from the vehicles. James D. Reed then arrived at the premises in a third vehicle. Sharron Reed, James R. Reed, and James D. Reed were then observed separately driving to the Quiet Storm VSP Lounge. James D. Reed removed several bottles of Ciroc liquor from the trunk of his vehicle and carried them into the Quiet Storm VSP Lounge. Agents observed that the trunk of James D. Reed's vehicle contained cases of liquor matching that purchased at the Coast Guard exchange earlier in the day. Agent Mone reviewed the records of the authorized liquor source for appellant and confirmed that no one acting on behalf of Quiet Storm VSP Lounge had purchased Ciroc liquor between December 1, 2015 and February 17, 2016. Agents of the Ohio Investigative Unit obtained search warrants for the location where the liquor had

been unloaded and for the Quiet Storm VSP Lounge.  During the search of the Quiet Storm VSP Lounge, agents recovered three empty, marked bottles of Ciroc liquor from the trash dumpster. They also recovered multiple marked boxes and liquor bottles from the premises where the vehicles had been unloaded. When questioned by agents, James D. Reed indicated he was the manager of the Quiet Storm VSP Lounge.

{¶ 4}   In addition to the introduction of the investigative report as evidence, Agent Mone also testified at the hearing. He stated he was contacted by CGIS regarding large purchases of alcohol being made at a Coast Guard exchange in Cleveland. He further testified that on February 17, 2016, he was contacted by Coast Guard agents indicating that Sharron Reed was at the exchange purchasing approximately $10,000 of alcohol in cash using an identification card bearing a different name.  The bottles purchased by Sharon Reed were marked for identification.  Agent Mone testified that surveillance followed Sharron Reed to an unoccupied condominium near the Quiet Storm VSP Lounge. The liquor purchased at the exchange was unloaded into the condominium and Sharon Reed's son was observed taking three bottles of liquor that had been purchased at the exchange into the Quiet Storm VSP Lounge.  A warrant was obtained and the bottles of liquor purchased at the exchange were located in the condominium.  The three bottles of liquor that had been taken into the Quiet Storm VSP Lounge were recovered from the trash dumpster.  Receipts for purchase of the alcohol from the exchange were also recovered from Sharron Reed's purse.  Agent Mone further testified Sharron Reed was convicted of violating R.C. 4301.58(C), and a copy of the journal entry of conviction was entered into evidence.

{¶ 5}   Sharron Reed testified before the commission that most of the alcohol was purchased in anticipation of her son's wedding. She further testified that one of her nieces was also getting married and that some of the alcohol was for that purpose. She admitted that it was an error for three bottles to have been taken into the permit premises. Appellant's counsel argued the commission should impose a fine rather than revoke appellant's permit as a sanction for the violation.

{¶ 6}   Following the hearing, on June 8, 2017, the commission issued an order finding appellant in violation as to the first violation charged in the notice of hearing and

dismissing the second and third violations. The commission ordered appellant's liquor permits to be revoked effective June 29, 2017.

{¶ 7} Appellant appealed the commission's order to the Franklin County Court of Common Pleas. The common pleas court affirmed the commission's order, finding there was reliable, probative, and substantial evidence to support the order and that it was in accordance with law. With respect to appellant's argument that the penalty was excessive, the court held that because revocation of the permits was a penalty authorized by law, it lacked authority to modify the penalty imposed by the commission.

## II. Assignment of Error

{¶ 8} Appellant appeals and assigns the following sole assignment of error for our review:

> THE TRIAL COURT ERRED IN AFFIRMING THE DECISION OF THE OHIO LIQUOR CONTROL COMMISSION TO REVOKE APPELLANT'S OHIO LIQUOR PERMIT.

## III. Discussion

{¶ 9} In an administrative appeal under R.C. 119.12, a common pleas court reviews the entire record and determines whether an agency's order is supported by reliable, probative, and substantial evidence, and is in accordance with law. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619 (1993). The standard of review for a court of appeals in an administrative appeal is more limited; we must determine whether the common pleas court abused its discretion. *Id.* An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, on questions of whether an agency's decision was in accordance with law, we exercise plenary review. *Gralewski v. Ohio Bur. of Workers' Comp.*, 167 Ohio App.3d 468, 2006-Ohio-1529 (10th Dist.).

{¶ 10} On appeal, appellant asserts the common pleas court failed to address its argument that the penalty imposed was excessive. Appellant claims the Commissioners were unclear as to whether they had discretion to impose a lesser penalty and failed to consider a different penalty, despite this being a first offense.

{¶ 11} R.C. 4301.58(C) provides in part that no holder of a permit issued by the Division of Liquor Control individually or through an agent or employee, "shall sell, keep,

or possess for sale any intoxicating liquor not purchased from the division or from the holder of a permit issued by the division authorizing the sale of such intoxicating liquor unless the same has been purchased with special consent of the division." Appellant stipulated to the facts as set forth in the investigative report with respect to the violation of R.C. 4301.58(C). The facts contained in the report established that Sharron Reed purchased liquor from an unauthorized source and that James D. Reed kept or possessed for sale some of that liquor purchased from an unauthorized source on appellant's premises. In a similar case, this court has previously held that a permit holder's "stipulation to facts contained in the investigative unit's reports binds the trier of fact and the reviewing court." *Sammor v. Ohio Liquor Control Comm.*, 10th Dist. No. 09AP-20, 2009-Ohio-3439, ¶ 16. Thus, the common pleas court did not abuse its discretion by concluding the commission's order was supported by reliable, probative, and substantial evidence.

{¶ 12} R.C. 4301.58(C) further provides "[t]he division shall revoke the permit of any person convicted of a violation of [R.C. 4301.58(C)]." Moreover, R.C. 4301.25(A)(1) provides the commission "may suspend or revoke any permit" issued under R.C. Chapter 4301 for a violation of any of the restrictions contained in R.C. Chapter 4301 or for a conviction for violating a section of R.C. Chapter 4301.  The Supreme Court of Ohio has held a court of common pleas "has no authority to modify a penalty that [an] agency was authorized to and did impose, on the ground that the agency abused its discretion." *Henry's Café, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959), paragraph three of the syllabus. Pursuant to this precedent, we have consistently held that we lack authority to modify a penalty lawfully imposed by the commission, even where it is argued that the penalty is unduly harsh. *See, e.g., Abdel Latif, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 06AP-1078, 2007-Ohio-2943, ¶ 14; *Goldfinger Ents., Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 01AP-1172, 2002-Ohio-2770, ¶ 13-17. In the present case, the commission was legally authorized to revoke appellant's liquor permits for a violation of R.C. 4301.58(C) and under the oft-cited precedent of *Henry's Café*, neither this court nor the common pleas court had authority to modify that penalty.

{¶ 13} Accordingly, we overrule appellant's sole assignment of error.

## IV. Conclusion

{¶ 14} For the foregoing reasons, we overrule appellant's sole assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK and SADLER, JJ., concur.

———————————