[Cite as *Floyd's Legacy, L.L.C. v. Ohio Liquor Control Comm.*, 2020-Ohio-4074.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Floyd's Legacy, LLC d.b.a. Club De Ja Vu, | : | |
| Appellant-Appellant, | : | |
| | : | No. 19AP-704 |
| v. | : | (C.P.C. No. 19CV-4020) |
| Ohio Liquor Control Commission, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on August 11, 2020

**On brief:** *John A. McNally, III, Co., LPA*, and *John A. McNally, III*, for appellant.

**On brief:** *Dave Yost*, Attorney General, and *Hallie C. Saferin*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

SADLER, P.J.

{¶ 1} Appellant-appellant, Floyd's Legacy, LLC d.b.a. Club De Ja Vu (hereinafter, "appellant" or "club"), appeals from an order of the Franklin County Court of Common Pleas affirming an order by appellee-appellee, Ohio Liquor Control Commission ("commission"), denying appellant's liquor permit renewal. For the reasons that follow, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant operates as a night club located in Youngstown, Ohio. At all relevant times, appellant held a Class D-1, 2, 3, 3-A liquor permit issued by the Ohio Division of Liquor Control ("division"). Darlene Harris has been owner and managing member of appellant since 2015.

{¶ 3} On November 4, 2017, at approximately 2:20 a.m., a shooting occurred within the club and a second shooting outside the permit premises resulting in injuries to four people. Around this time, appellant filed its renewal applications for its Class D-1, 2, 3, 3-A liquor permit. On December 20, 2017, the Youngstown City Council ("city") presented objections and concerns to the renewal of appellant's liquor permit and requested a hearing. (Ex. C: Youngstown City Council Resolution 17-43.) On July 12, 2018, the division held a hearing to determine if appellant's renewal applications for 2017-2018 and 2018-2019 should be denied for the reasons stated in R.C. 4303.292(A). On September 25, 2018, the division sent a letter by certified and first-class mail to Harris, as managing member and individually, denying appellant's liquor permit applications. The division provided the following reasons for the denial:

1) The applicant, any partner, member, officer, director, or manager thereof has shown a disregard for the laws, regulations, or local ordinances of the State, and will operate the permit business in a manner that demonstrates a disregard for the laws, regulations, or local ordinances of the State. R.C. §4303.292(A)(1)(b).

2) The applicant has failed to provide a penalty of ten percent of the permit fee, despite having filed the Class D-1-2-3-3A liquor permit renewal application less than fifteen days prior to the expiration of the permit. R.C. §§4303.13, 4303.14, 4303.15, 4303.16, 4303.24, and 4303.271(C).[1]

* * *

3) The Division also denies and rejects the 2017-2018 and 2018-2019 renewal applications for good cause pursuant to its general authority to grant and refuse permits. The Division has considered environmental factors affecting the maintenance of public decency, sobriety, and good order, including the number and location of permit premises in the immediate area as authorized or required by law. R.C. §§4303.271(A), 4301.10(A)(2), and O.A.C. §4301:1-1-12(B).

(Sept. 25, 2018 Order.)

{¶ 4} At appellant's request, a hearing before the commission was held on April 11, 2019. Appellant received notice of the hearing as evidenced by the March 21, 2019 return

---

[1] At the April 11, 2019 hearing, the parties stipulated before the commission that while appellant tried to remit payment, the division refused to accept it since, at the time payment was attempted, the renewal application had already been denied. Appellant was able to make payment, and the commission dismissed the violation on motion of the attorney general.

receipt entered into the record. The hearing included testimony from three witnesses: Detective Michael Lambert, Harris, and April Jackson. Lambert testified he has been a detective sergeant with the Youngstown Police Department since 2001. Lambert stated that on November 4, 2017, he was dispatched with his partner to assist the patrol division in the investigation of a shooting at the club. It was later discovered that two individuals were shot inside the club on the dance floor and two outside of the permit premises. Lambert further testified he reviewed the security video and confirmed when law enforcement initially arrived, they were denied entry into the club for 15 minutes. Lambert testified one report indicated law enforcement was only allowed in the club after threatening to revoke the club's liquor permit. At approximately 2:43 a.m., the police were eventually granted access to the building.

{¶ 5} Lambert testified the Youngstown Police Department had been called out to the club on multiple occasions from May 29, 2016 to November 4, 2017 for incidents such as theft, assault, and other serious issues. Lambert testified the club has a reputation as a place "where people drink, carry guns, get into gunfights and people get shot." (Tr. at 39.) Lambert did concede that the incidents before the November 4 shooting did not constitute liquor permit violations.

{¶ 6} Next, Harris testified she has been the owner and managing member of appellant since 2015. Harris stated that during normal business operation, the club generally opens at 8:00 p.m. and closes at 2:30 a.m. The physical layout of the bar includes 16 video cameras that cover the inside and outside of the club with monitors located in the manager's office. The front entrance has 2 sets of steel doors: 1 front exterior door and 1 front interior door separated by approximately 4 feet. Before the November 4 shooting, Harris testified the club had no prior liquor permit violations.

{¶ 7} Finally, Jackson testified she was the manager of the club during the November 4 shooting. According to Jackson, the club had three security guards on duty to check patrons for identification and weapons. Jackson characterized the scene after the shooting as "chaos." (Tr. at 62.) Jackson stated she was not aware of any club employee calling the police to report the shooting. Jackson did concede that before police arrived, one employee started cleaning up the area where the shooting occurred. Jackson further testified cleaning was just part of the employee's normal duties. "[Y]ou grab the dust mop,

you go to clean it, you see a spill, you get the mop.  That's it."  (Tr. at 56.)  Jackson claimed that denying law enforcement access to the club was unintentional because she could not hear the knocking through the two sets of steel doors.  Jackson stated she immediately opened the door after seeing law enforcement on the video monitor.

{¶ 8}  Following the hearing, on May 2, 2019, the commission affirmed the division's denial of appellant's 2017-2018 and 2018-2019 renewal applications.  The commission provided appellant notice of its right to appeal, pursuant to R.C. 119.12, by filing within 21 days after the mailing date of the order.

{¶ 9}  On May 16, 2019, appellant appealed to the Franklin County Court of Common Pleas asserting two assignments of error.  Appellant alleged a number of due process violations and that the commission's ruling was an unlawful penalty based solely on the events of November 4, 2017.  On September 11, 2019, the trial court overruled appellant's objections and affirmed the administrative ruling.  The trial court found the commission provided appellant adequate notice under R.C. 119.07 and concluded appellant's due process rights were not violated.  The trial court also found that even if there were any due process discrepancies, appellant failed to provide any explanation as to how the four allegations prejudiced its ability to present its case.

{¶ 10}  Regarding the second assignment of error, the trial court determined the commission's ruling was based on reliable, probative, and substantial evidence.  "[T]he Appellant failed to put forth a valid argument that the evidence relied upon by the Commission was internally inconsistent, or was impeached by evidence of a prior inconsistent statement.  Here the Appellant relied upon its own evidence concerning its explanation of the events of November 4, 2017." (Sept. 11, 2019 Decision & Entry at 7.)  The trial court also rejected appellant's contention that there was no evidence that supported the finding the permit holder acted with disregard of the laws, regulations, or local ordinances citing Lambert's testimony at the hearing.  Finally, the trial court found that while appellant claimed the penalty was too severe given its record of good conduct, the trial court held it was not permitted under Ohio law to review the penalty if the punishment was within the commission's lawful authority.

{¶ 11}  Appellant filed a timely appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 12} Appellant assigns the following as trial court error:

[1.] The due process rights of Floyd's Legacy, LLC, Darlene Harris, Managing Member and Darlene Harris, Individually, have been violated.

[2.] The Appellee's failure to renew the liquor permit applications for the years 2017-18 and 2018-19 is an unlawful penalty solely based on the events of November 4, 2017.

## III. STANDARD OF REVIEW

{¶ 13} Pursuant to R.C. 119.12, when reviewing an order of an administrative agency, a common pleas court must review the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and whether the order is in accordance with law. *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110-11 (1980). The Supreme Court of Ohio has defined the terms reliable, probative, and substantial evidence as follows:

(1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true.

(2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue.

(3) "Substantial" evidence is evidence with some weight; it must have importance and value.

*Our Place, Inc. v. Ohio Liquor Control Comm.*, 63 Ohio St.3d 570, 571 (1992).

{¶ 14} The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111. The trial court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.' " *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The common pleas court conducts a de novo review of questions of law, exercising its independent judgment in determining whether the administrative order is " 'in accordance with law.' " *Ohio Historical Soc. v. State Emp. Relations Bd.*, 66 Ohio St.3d 466, 471 (1993), quoting R.C. 119.12.

{¶ 15} An appellate court's review of an administrative decision is more limited than that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993). The appellate court is to determine only whether the common pleas court abused its discretion. *Id.* Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of an administrative agency or the common pleas court. *Id.* An appellate court, however, has plenary review of purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV.  LEGAL ANALYSIS

### A.  Appellant's First Assignment of Error

{¶ 16} In its first assignment of error, appellant argues its due process rights were violated on four separate occasions.[2] For the reasons that follow, we disagree.

{¶ 17} The Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution mandate that administrative proceedings are consistent with due process. *Richmond v. Ohio Bd. of Nursing*, 10th Dist. No. 12AP-328, 2013-Ohio-110, ¶ 10, citing *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Doyle v. Ohio Bur. of Motor Vehicles*, 51 Ohio St.3d 46 (1990). "Procedural due process requires administrative agencies to provide an individual with fair notice of the precise nature of the charges that the agency will pursue at a disciplinary hearing." *Macheret v. State Med. Bd.*, 188 Ohio App.3d 469, 2010-Ohio-3483, ¶ 24 (10th Dist.). "When a liquor permit holder's right to operate under his permit is in jeopardy, due process of law mandates that the permit holder have an opportunity to be heard at a hearing, and that the permit holder receive adequate notice of the hearing." *C & H Investors v. Ohio Liquor Control Comm.*, 10th Dist. No. 98AP-1519 (Dec. 9, 1999). Determining whether due process requirements have been satisfied presents a legal question we review de novo. *Flynn v. State Med. Bd. of Ohio*, 10th Dist. No. 16AP-29, 2016-Ohio-5903, ¶ 46, citing *Judd v. Meszaros*, 10th Dist. No. 10AP-1189, 2011-Ohio-4983, ¶ 19. Appellant must also show that any violation of due

---

[2] Appellant has alleged that the due process rights of the club, Harris, as managing member, and Harris, individually, were violated. The club is the only party named in this action. While notice requirements to permit holders contemplate service on a managing member or an agent for the company, the due process rights of those individuals are only relevant as they relate to appellant. Accordingly, our analysis will be limited as to whether the four allegations violate appellant's due process rights.

process resulted in prejudice.  *Griffin v. State Med. Bd. of Ohio*, 10th Dist. No. 11AP-174, 2011-Ohio-6089, ¶ 26.

{¶ 18}  Pursuant to R.C. 4301.25(A), "[t]he liquor control commission may suspend or revoke any permit issued under this chapter or Chapter 4303. of the Revised Code for the violation of any * * * lawful rule of the commission."  Ohio Adm.Code 4301:1-1-65 provides notice and hearing requirements for the commission.  Notice of a hearing before the commission to determine whether the permit will be revoked, suspended, or cancelled must be sent "by certified mail, return receipt requested, to the holder of the permit at the address set forth in the permit."  Ohio Adm.Code 4301:1-1-65(A).  While it is not expressly stated in the code, we have held that R.C. 119.07 provides an alternative method of service if notice by certified mail is unsuccessful.  *C & H Investors.*

{¶ 19}  R.C. 119.07 requires " 'notice shall be given by registered mail, return receipt requested,' 'except when a statute prescribes a notice and the persons to whom it shall be given[.]'  When notice by registered mail is returned due to failure of delivery, notice may be given either by personal delivery or by publication in a newspaper in the manner specified in R.C. 119.07."  *Id.*, quoting R.C. 119.07.

{¶ 20}  We have found that notice consistent with R.C. 119.07 " 'satisfies these procedural due process requirements because it sets forth a process reasonably calculated to apprise the party of the charges against him and the opportunity to request a hearing.' "  *Richmond*, 2013-Ohio-110, at ¶ 11, quoting *Kellough v. Ohio State Bd. of Edn.*, 10th Dist. No. 10AP-419, 2011-Ohio-431, ¶ 36; *see also C & H Investors* (finding compliance with the secondary method of notice under R.C. 119.07 satisfies procedural due process of notice).

### 1.  Notice to Permit Holder

{¶ 21}  Appellant argues that its due process rights were violated when notice was not provided to the permit holder of "any ongoing liquor control violations and notice of the conclusion of such an investigation."  (Appellant's Amended Brief at 3.)  After a review of the record, we conclude appellant has been consistently appraised of the status of the investigation since its inception.  The Youngstown Police Department narrative notes on November 13, 2017, "[o]wners of the bar Darlene harris [sic] * * * came into the detective division and I explained the situation and their employees['] activities.  They stated they pay the security cash and will attempt to get their information [and] they stated they were

not present that night and were not aware of the employees interfering." (Ex. D: Youngstown Police Department Case Records Report.) As the commission noted in its brief, appellant was also on notice of the investigation when it received the initial citation on November 24, 2017. In a letter dated March 12, 2018, the permit holder was provided notice of the April 12, 2018 citation hearing. At the April 12 hearing, the permit holder "entered a plea of Denial W/Stipulation as to violation(s) 1, 3." (Apr. 26, 2018 Order.) Finally, on April 26, 2018, appellant was sent the initial order noting the commission found the permit holder committed violations 1 and 3 as set forth in the March 12 notice. Based on the forgoing, appellant was consistently on notice of the status and conclusion of the investigation.

### 2. Notice to Undersigned Counsel

{¶ 22} Next, appellant argues that its due process rights were violated when notice was not provided to the undersigned counsel. We disagree. R.C. 119.07 only requires notice be provided to the permit holder. Appellant has presented no evidence that the commission was notified of counsel's representation before the initial notice was issued. Once appellant identified counsel, the division and commission provided notice to counsel going forward. Counsel was sent subsequent mailings of the September 25, 2018 order from the division, the March 12, 2019 notice of hearing before the commission scheduled for April 11, 2019, and the commission's May 2, 2019 order. As such, we find appellant's due process argument unpersuasive.

### 3. Report

{¶ 23} Appellant next argues it was never provided a copy of the hearing officer's report and recommendation after the July 12, 2018 hearing between the city and appellant. R.C. 119.07 requires notice of the hearing "shall include the charges or other reasons for the proposed action, the law or rule directly involved, and a statement informing the party that the party is entitled to a hearing if the party requests it within thirty days of the time of mailing the notice." The intent of R.C. 119.07 is to afford adequate notice to appellant to prepare and present a defense. *Backside, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 03AP-516, 2004-Ohio-1009, ¶ 20.

{¶ 24} We find the commission's order was consistent with R.C. 119.07 and satisfied all procedural due process requirements of the notice. The September 25, 2018 order

included the grounds for rejecting the liquor permit applications, identified the purported violations and law directly involved, and a statement notifying appellant of its right to a hearing. Service was completed on the permit holder as evidenced by the signed return receipt entered into the record at the April 11, 2019 hearing. Moreover, the April 11, 2019 hearing was de novo and included live testimony from three witnesses key to the resolution of the case. *See* Ohio Adm.Code 4301:1-1-65(C), (D), and (E). Appellant was afforded a meaningful hearing to present any evidence it deemed relevant to the issues at hand. Accordingly, appellant was provided a full and fair opportunity to prepare a defense before the commission, and no due process violation occurred.

### 4. Pictures

{¶ 25} Finally, appellant argues that its due process rights were violated when the city "never furnished pictures of the permit establishment and * * * failed to make all these photographs as part of the Record at the hearing before the Ohio Liquor Control Commission." (Appellant's Amended Brief at 4.) This argument is without merit.

{¶ 26} The city was not required to offer evidence at the April 11, 2019 hearing and was only a party pursuant to R.C. 4301.28. The evidentiary burden is on the "division of liquor control, with regard to any appeal, filed by the permit holder or applicant, of an order rejecting the issuance, transfer, or renewal of the permit." Ohio Adm.Code 4301:1-1-65(E)(2). The city was under no obligation to present pictures of the club during the proceeding.

{¶ 27} As such, we find no violation of appellant's due process rights occurred and overrule appellant's first assignment of error.

### B. Appellant's Second Assignment of Error

{¶ 28} In its second assignment of error, appellant argues the commission's failure to renew the liquor permit for 2017-2018 and 2018-2019 was an unlawful penalty based solely on the events of November 4, 2017. While appellant contests the lawfulness of the penalty imposed by the commission in the body of its assignment of error, in its conclusion appellant asserts the trial court erred by finding the commission's ruling was based on reliable, probative, and substantial evidence. For clarity of analysis, we will address both arguments together.

{¶ 29} Questions of law on appeal are reviewed de novo. *Altercare of Canal Winchester Post-Acute Rehab. Ctr., Inc. v. Turner*, 10th Dist. No. 18AP-466, 2019-Ohio-1011, ¶ 15, citing *PHH Mtge. Corp. v. Ramsey*, 10th Dist. No. 13AP-925, 2014-Ohio-3519, ¶ 14. Pursuant to R.C. 4301.04(A) and 4301.25(A), the commission is authorized to suspend or revoke any liquor permit for violation of a lawful rule of the commission. This court has previously held that "under the relevant statutory language, the commission may revoke a permit based on one violation." *HDV Cleveland, LLC v. Ohio Liquor Control Comm.*, 10th Dist. No. 17AP-362, 2017-Ohio-9032, ¶ 38; *see also DKA, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 03AP-316, 2004-Ohio-837, ¶ 13, citing *Tolbert v. Ohio Liquor Control Comm.*, 10th Dist. No. 98AP-285 (Dec. 3, 1998) ("[T]he commission may revoke a permit based on only one violation.").

{¶ 30} In the instant case, while Lambert testified to several other serious incidents at the club, the November 4 shooting is the only one that constituted a permit violation. Because the commission is authorized to deny appellant's renewal applications based on a single violation, as a matter of law, the November 4 violation is enough to revoke appellant's permit if the ruling is supported by reliable, probative, and substantial evidence. Accordingly, appellant's argument that the trial court erred as a matter of law in revoking the permit solely on November 4, 2017 is without merit.

{¶ 31} Appellant next argues the trial court erred in finding there was reliable, probative, and substantial evidence for the commission to deny appellant's renewal applications. When the commission reviews a renewal application of an existing permit holder, "the division shall renew the permit unless good cause for rejection is shown." (Emphasis omitted.) *SM & AM, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 00AP-1298 (May 22, 2001), citing R.C. 4303.271(A). " 'Good cause rejection is not restricted to a clearly identifiable incident but, instead, the division may examine the cumulative effects of adverse environmental conditions, objections to renewal, the impact on police enforcement, and other relevant circumstances.' " *Barnhill v. Ohio Liquor Control Comm.*, 10th Dist. No. 15AP-30, 2015-Ohio-3747, ¶ 14, quoting *3M, Inc. v. Liquor Control Comm.*, 10th Dist. No. 00AP-529 (Jan. 25, 2001). R.C. 4303.292 provides the various grounds the division may cite for rejection of a liquor permit. "The commission may draw reasonable inferences based on the evidence before it." *Valentino v. Ohio Liquor Control Comm.*, 10th

Dist. No. 02AP-586, 2003-Ohio-1937, ¶ 20. If the trial court determines there is reliable, probative, and substantial evidence in the record to support the commission's ruling, it must be upheld. *Barnhill* at ¶ 14, citing *Marciano v. Ohio Liquor Control Comm.*, 10th Dist. No. 02AP-943, 2003-Ohio-2023, ¶ 19. At the appellate level, we are limited in our review to determine only if the trial court abused its discretion and may not substitute our judgment for that of the court or commission. *Pons*, 66 Ohio St.3d at 621.

{¶ 32} After a review of the record, we find the trial court did not abuse its discretion in affirming the order of the commission. On November 4, 2017, a shooting occurred on the dance floor of the club and a second shooting occurred minutes later outside the permit premises resulting in injuries to four people. Testimony at the hearing revealed neither the manager nor the employees called law enforcement to alert them to the shootings. Once law enforcement did arrive, they were denied entry into the club for 15 minutes. While the police were precluded from entering the club, an employee compromised the crime scene by mopping up blood on the dance floor presumably from one of the victims. Testimony that the employee was only conducting his normal closing procedures contradicts appellant's previous argument that law enforcement was not called due to the chaotic scene after the shooting. Accordingly, the trial court did not abuse its discretion concluding that there was reliable, probative, and substantial evidence for the commission to deny the renewal applications of appellant.

{¶ 33} Finally, appellant argues the penalty of revoking the liquor permit was too severe. As the trial court correctly concluded, it is well-settled law that if an agency board's order is supported by reliable, probative, and substantial evidence, the reviewing court may not modify the sanction authorized by the statute. *Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233 (1959). "[W]e have consistently held that we lack authority to modify a penalty lawfully imposed by the commission, even where it is argued that the penalty is unduly harsh." *Deanru, LLC v. Ohio Liquor Control Comm.*, 10th Dist. No.17AP-777, 2018-Ohio-2854, ¶ 12, citing *Abdel Latif, Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 06AP-1078, 2007-Ohio-2943, ¶ 14; *Goldfinger Ents., Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 01AP-1172, 2002-Ohio-2770, ¶ 13-17. *See also, e.g., Lindner v. Ohio Liquor Control Comm.*, 10th Dist. No. 00AP-1430 (May 31, 2001) ("As a practical matter, courts have no power to review penalties meted out by the commission. Thus, we have little

or no ability to review a penalty even if it seems on the surface to be unreasonable or unduly harsh."); *Merritt v. Ohio Liquor Control Comm.*, 10th Dist. No. 02AP-709, 2003-Ohio-822, ¶ 34. Because the commission was within its authority to deny appellant's renewal applications for the liquor permit, we have no power to review the penalty handed out by the commission.

{¶ 34} Accordingly, appellant's second assignment of error is overruled.

## V. CONCLUSION

{¶ 35} For the forgoing reasons, we overrule appellant's first and second assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BRUNNER and NELSON, JJ., concur.

————————————