[Cite as *Aminatas Daycare, L.L.C. v. Ohio Dept. of Job & Family Servs.*, 2022-Ohio-3444.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Aminatas Daycare LLC,           :

      Appellant-Appellant,       :         No. 22AP-194
                                           (C.P.C. No. 21CV-5766)

v.                             :

                                    (REGULAR CALENDAR)

Ohio Department of Job and      :
Family Services,

                            :

      Appellee-Appellee.

---

D E C I S I O N

Rendered on September 29, 2022

---

**On brief:** *Law Offices of Brian M. Garvine, LLC*, and *Brian M. Garvine*, for appellant. **Argued:** *Brian M. Garvine*.

**On brief:** *Dave Yost*, Attorney General, and Theresa *R. Dirisamer*, for appellee. **Argued:** *Theresa R. Dirisamer*.

---

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Appellant, Aminatas Daycare, LLC, appeals from a judgment of the Franklin County Court of Common Pleas affirming the order of appellee, the Ohio Department of Job and Family Services ("ODJFS"), which revoked appellant's child care center license. For the following reasons, we affirm the trial court judgment.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} Appellant is a licensed child care center, in operation since June 2011, that is owned and administered by Aminata Berete (Ms. Berete) and subject to inspection and regulation by appellee. On August 28, 2020, appellee issued a notice of intended action to revoke appellant's child care center license based on violations of the Ohio Administrative Code. Appellee conducted a hearing on the matter on March 23, 2021. Ms. Berete

appeared, was represented by counsel, and testified at the hearing. A licensing supervisor and two licensing specialists testified on behalf of appellee, and appellee provided inspection reports in support of the testimony.

{¶ 3} The hearing examiner issued a report and recommendation on July 28, 2021 summarizing the evidence and establishing findings of facts and conclusions of law. According to the report, appellant between December 2017 and December 2020 violated multiple sections of the Ohio Administrative Code 29 times. The nature of the violations included: providing appellee false information regarding the annual inspection of the vehicle used to transport children; failing to complete an annual safety check of the vehicle used to transport children; transporting children without an additional adult when required; failing to request or send background checks for certain child care staff members; failing to have a JFS 01176 form (notification of background check review) on file at the center for multiple staff members who had sole responsibility for children; having an unapproved space heater in a classroom; failing to comply with classroom ratio requirements in the infant/toddler, preschool/school age, and mixed age groups in 2017, 2018, 2019, and 2020; failing to comply with bus ratio requirements; leaving children unattended by child care staff members; leaving an infant in a crib with a blanket; leaving an infant asleep in an car or infant seat; and leaving an infant asleep in an infant swing. (Hearing Examiner Report & Recommendation at 15-18, citing Ohio Adm.Code 5101:2-12-03(D)(2); Ohio Adm.Code 5101:2-12-09(A)(1) & (3) and (D)(1), (2) & (3) and (G)(1)(b) and (H)(2)(d); Ohio Adm.Code 5101:2-12-12(A)(3); Ohio Adm.Code 5101:2-12-14(B)(3) and (D)(2); Ohio Adm.Code 5101:2-12-19(A)(1) & (2); Ohio Adm.Code 5101:2-12-20(B)(7) & (9).)

{¶ 4} As summarized by the hearing examiner:

> There were multiple non-compliances over the years at Aminata's. Several of them, such as ratios, where a child slept, or even information about background[] checks, occurred multiple times. Aminata's asked for a second chance at the hearing. However, according to the information provided at the hearing, Aminata's received multiple chances to reduce and limit the non-compliance. Over the course of several years, Aminata's was not able to do so.

(Hearing Examiner Report & Recommendation at 15.) The hearing examiner continued, "[t]he repetitive nature of the violations suggests Aminata's either will not or cannot follow

the appropriate rules and regulation.  Providing false information in and of itself could be grounds for revocation, but multiple ratio violations—as well as other non-compliance issues—may put the children in danger."  (Hearing Examiner Report & Recommendation at 18.)  Therefore, the hearing examiner recommended that appellant's child care center license be revoked.

{¶ 5}  Appellant submitted one objection to the hearing examiner's report and recommendation, asserting, "[t]he Hearing Officer did not consider Aminata's overall performance from January 1, 2018 until January 15, 2020." (Aug. 27, 2021 Obj. at 3.) (Capitalization adjusted.)  Appellant did not dispute the validity of the 29 violations but rather argued those violations did not warrant the "extreme and rare" penalty of license revocation considering appellant's overall ten-year track record, the "vast majority" of the violations were low risk and involved administrative and staffing issues, and Ms. Berete took "substantial measures" to hire additional staff.  (Aug. 27, 2021 Obj. at 3.)

{¶ 6}  By an adjudication order dated September 7, 2021, the director of ODJFS adopted the hearing examiner's findings of fact, conclusions of law, and recommendation. The director again noted appellant's objection did not dispute the 29 violations established by the hearing examiner and found that the violations constituted a legal basis to revoke the license of the appellant.  Therefore, the director ordered appellant's child care center license to be revoked.

{¶ 7}  Appellant filed a timely appeal of the adjudication order to the Franklin County Court of Common Pleas pursuant to R.C. 119.12; appellant's assignment of error and argument mirrored appellant's objection to the hearing examiner report and recommendation.  On March 15, 2022, the trial court issued a decision and judgment affirming appellee's adjudication order after finding the order to be supported by reliable, probative, and substantial evidence and in accordance with law.  In doing so, the trial court remarked that appellant did not address the testimony or other evidence in detail or claim that the findings of violations were incorrect. Rather, appellant's argument to the trial court asserted, "in essence[,] * * * the [h]earing [e]xaminer and ODJFS should have evaluated the evidence differently," and "that revocation is not appropriate given [a]ppellant's overall performance" and is a penalty that is "excessive." (Mar. 15, 2022 Decision at 4.)

**{¶ 8}** In addressing these arguments, the trial court first discussed the parameters of the standard of review as it relates to evidentiary conflicts and the penalty imposed by appellee.  Specifically, the trial court stated:

> [t]his Court's scope of review of the agency's decision in an administrative appeal is limited. *Univ. of Cincinnati v. Conrad*, [63 Ohio St.2d 108, 110 (1980)]. Determining whether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the presence or absence of the requisite quantum of evidence. *Id.*, p. 111. The Court is to "give due deference to the administrative resolution of evidentiary conflicts" because the fact finder had the opportunity to observe the witnesses and weigh their credibility. *Id.*  The Court "will not substitute its judgment for the Board's where there is some evidence supporting the Board's Order." *Harris v. Lewis*, 69 Ohio St.2d 577, 578 (1982).
>
> * * *
>
> this Court's scope of review of the penalty imposed by an administrative agency is limited. In *Henry's Cafe v. Board of Liquor Control*, 170 Ohio St. 233 (1959), the Ohio Supreme Court held as follows:
>
> On such appeal, the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion. [paragraph three of syllabus]
>
> *See also Hale v. Ohio State Veterinary Medical Board*, 47 Ohio App.3d 167, 170 (1988) (if the penalty is within the range of choices for the infraction, the court must affirm the order even if the penalty is viewed as too harsh) and *King v. State Medical Board*, 10th Dist. No. 98AP-570, 1999 Ohio App. LEXIS 201, p. 4 (the Court stated: "the common pleas court, in concluding the board's order is supported by reliable, probative and substantial evidence, is precluded from interfering with or modifying the penalty imposed if such penalty is authorized by law").

(Mar. 15, 2022 Decision at 4-5.)

**{¶ 9}** The trial court then determined that, under R.C. 5104.04(D), appellee "has discretion to decide whether to revoke a license in the face of noncompliance with R.C. Chapter 5104 or Ohio Adm. Code Chapter 5101:2-12."  (Mar. 15, 2022 Decision at 5.) Considering appellee presented reliable, probative, and substantial evidence of numerous violations of child care licensing rules by appellant over 11 inspections, including 26

violations that constituted either moderate or serious-risk violations, and evidence that appellant did not show improvement over time, the trial court found appellee was authorized to revoke appellant's child care center license.

{¶ 10} Appellant filed a timely notice of appeal.

## II. ASSIGNMENT OF ERROR

{¶ 11} Appellant sets forth one assignment of error for review:

> THE TRIAL COURT ERRED WHEN IT APPLIED THE INCORRECT STANDARD OF REVIEW TO THE DECISION OF THE OHIO DEPARTMENT OF JOB AND FAMILY SERVICES.

## III.    STANDARD OF REVIEW

{¶ 12} An appellate court's review of an administrative decision is limited to determining whether the common pleas court abused its discretion. *Id.* Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of an administrative agency or the common pleas court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993) (finding also, that an appellate court's review of an administrative decision is more limited than that of the trial court). An appellate court, however, has plenary review of purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 2003-Ohio-418, ¶ 15 (10th Dist.).

## IV.    ANALYSIS

{¶ 13} In the assignment of error, appellant contends that the trial court applied the incorrect standard of review. In support of her assigned error, appellant cites to *Floyd's Legacy, LLC v. Ohio Liquor Control Comm.*, 10th Dist. No. 19AP-704, 2020-Ohio-4074, ¶ 13-14 and *Hal v. State Dept. of Edn.*, 10th Dist. No. 18AP-301, 2019-Ohio-5081, ¶ 32-33.

{¶ 14} The passage in *Floyd's Legacy* cited by appellant states that, under the "reliable, probative, and substantial evidence * * * and in accordance with law" standard, the trial court "must give due deference to the administrative agency's resolution of evidentiary conflicts, but 'the findings of the agency are by no means conclusive.' " *Floyd's Legacy* at ¶ 14, quoting *Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980). "The trial court's 'review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court "must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight

thereof." ' " *Floyd's Legacy* at ¶ 14, quoting *Lies v. Ohio Veterinary Med. Bd.*, 2 Ohio App.3d 204, 207 (1st Dist.1981), quoting *Andrews v. Bd. of Liquor Control*, 164 Ohio St. 275, 280 (1955). The passage in *Hal* cited by appellant states that, under the "reliable, probative, and substantial evidence" standard, " 'while in essence this is a legal question, inevitably it involves a consideration of the evidence and to a limited extent would permit a substitution of judgment by the reviewing common pleas court.' " *Hal* at ¶ 32, quoting *Beeler v. Franklin Cty. Sheriff*, 67 Ohio App.3d 748, 753 (10th Dist.1990).

{¶ 15} Appellant argues that the trial court relied upon dated and incorrect decisions, and that under *Floyd's Legacy* and *Hal* it "could and should have assessed the credibility of the witnesses and weighed the evidence." (Appellant's Brief at 11.) In appellant's view, had the trial court conducted the appropriate review, appellant's overall performance and historic track record showed the "extreme and rare" measure of revocation of the license should not stand. (Appellant's Brief at 11-13.)

{¶ 16} Initially, we disagree that the trial court applied the incorrect standard of review. The primary Supreme Court of Ohio cases relied on by the trial court, *Conrad* and *Henry's Cafe v. Board of Liquor Control*, 170 Ohio St. 233 (1959), remain precedent of this court as illustrated by *Capital Care Network of Toledo v. Ohio Dept. of Health*, 153 Ohio St.3d 362, 2018-Ohio-440, ¶ 25. In *Capital Care*, the Supreme Court recited the standard set forth in *Conrad* and *Henry's Cafe* in a manner both consistent with the standard employed by the trial court here and with the Tenth District cases cited by appellant, as follows:

> In [*Univ. of Cincinnati v. Conrad*, 63 Ohio St.2d 108, 110 (1980)], we indicated that "whether an agency order is supported by reliable, probative and substantial evidence essentially is a question of the absence or presence of the requisite quantum of evidence." *Id.* at 111. We then explained that an administrative appeal to the common pleas court does not provide a trial de novo, *id.* at 110, but rather "the Court of Common Pleas must give due deference to the administrative resolution of evidentiary conflicts," *id.* at 111. And where the agency's decision is supported by sufficient evidence and the law, the common pleas court lacks authority to review the agency's exercise of discretion, even if its decision is "admittedly harsh." *Henry's Cafe, Inc. v. Bd. of Liquor Control*, 170 Ohio St. 233, 236-237, 163 N.E.2d 678 (1959).

*Capital Care* at ¶ 25. The Supreme Court then applied this standard to find that, since the Ohio Department of Health ("ODH")'s finding that the appellant did not comply with an administrative code section was supported by reliable, probative, and substantial evidence and is in accordance with law, the violation permitted ODH to revoke appellant's health care facility license pursuant to a rule allowing ODH to do so. *Capital Care* at ¶ 26-30, 33.

{¶ 17} In this case, the trial court cited and applied well-established law on the standard to be employed by a trial court reviewing an administrative decision pursuant to an R.C. 119.12 appeal. It appropriately expressed the rule of deference to the administrative resolution of evidentiary conflicts considering appellant's specific argument here and did not proclaim it was globally forbidden from appraising the evidence for credibility and weight. Moreover, while the trial court stated it would "not substitute its judgment for the Board's where there is some evidence supporting the Board's Order," viewed within the context of the entire decision it is clear the trial court was aware that evidence had to be reliable, probative, and substantial—which involves the determination there is "a reasonable probability that the evidence is true" and has "some weight." *Physician's Ambulance Serv. v. Ohio Dept. of Medicaid*, 10th Dist. No. 20AP-32, 2020-Ohio-6842, ¶ 19 (stating the definitions of "reliable," "probative," and "substantial" evidence). The trial court here did in fact find the evidence supporting the administrative order to be reliable, probative, and substantial after citing to the numerous and uncontested violations at issue in this case. Overall, contrary to appellant's position, the trial court's decision is consistent with *Floyd's Legacy* and *Hal* and does not set forth or apply an incorrect standard of review.

{¶ 18} Moreover, appellant has not demonstrated prejudice to support reversal since revocation as a sanction—the essence of appellant's challenge here—was warranted by law. Appellant has not challenged the credibility of appellee's witnesses and does not deny the quantity or seriousness of the violations found by appellee. Even when considering appellant's overall performance, as appellant requests, the evidence shows appellant was given repeated opportunities to improve but did not do so. In such circumstances, R.C. 5104.04(D) gives appellee discretion to impose the penalty of revocation of a license based on the undisputed violations that occurred in this case, and because revocation is authorized by statute, "[i]t is well-settled that the reviewing court may not modify [that] sanction[.]" *Hal* at ¶ 39, citing *Henry's Café* at paragraphs two and three

of the syllabus, and quoting *Goldfinger Ents., Inc. v. Ohio Liquor Control Comm.*, 10th Dist. No. 01AP-1172, 2002-Ohio-2770, ¶ 16 (stating also that, " '[a]s a practical matter, courts have no power to review penalties meted out by the commission' "); R.C. 5104.04(D)("if [ODJFS] finds * * * that any * * * organization * * * licensed under [R.C. 5104.03] is in violation of any provision of this chapter or rules adopted pursuant to this chapter, the department *may* issue * * * an order of revocation to the center * * * revoking the license previously issued by the department") (Emphasis added).

{¶ 19} Therefore, overall, we find the trial court did not apply the incorrect standard of review, and appellant additionally failed to show prejudice to warrant reversal since undisputed violations provided appellee a legal basis to revoke appellant's license. Appellant's contentions to the contrary lack merit.

{¶ 20} Accordingly, appellant's assignment of error is overruled.

## V. CONCLUSION

{¶ 21} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER, P.J., and JAMISON, J., concur.

_____